SUSAN M. CHEHARDY, Chief Judge.
12This is an election suit arising out of the race for a district court judgeship in St. John the Baptist Parish.
FACTS AND PROCEDURAL HISTORY
Plaintiff, Melanie Trosclair,[1] a duly-qualified elector in the Parish of St. John the Baptist (hereinafter referred to as “St. John”), filed the instant suit seeking to disqualify Mona Rita Joseph as a candidate for District Court Judge, Division “B” in the election scheduled for November 4, 2014. Pursuant to La. R.S. 18:492, Mrs. Trosclair filed an objection to Ms. Joseph’s candidacy on the basis that Ms. Joseph failed to qualify for the primary election in the manner required by La. R.S. 18:463.[2] Specifically, Mrs. Trosclair challenged, among other things, discrepancies between Ms. Joseph’s voter registration information and her notice of candidacy, or “qualifying,” information.
On September 2, 2014, the trial court held a hearing.[3] At the hearing, evidence and testimony disclosed that, in 1995, Mona Rita Joseph registered to |3vote in St. John the Baptist Parish. When she registered to vote in 1995, she circled “None” with respect to political party affiliation. At trial, when first asked if she had “made an application to the Registrar’s Office to change [her] party affiliation,” Ms. Joseph stated, “I don’t think I have.”
When Ms. Joseph filed her notice of-candidacy for this election in 2014, she listed her party affiliation as “Democrat.” Ms. Joseph also attested on that filing that “All the statements contained herein are true and correct.” When questioned about the accuracy of the information on the notice of candidacy form filed in this case, Ms. Joseph stated at trial, “And all the information is true and correct.... and I have chosen my Democratic party. I can change my party affiliation at any time.”
Later, when questioned by her attorney, Ms. Joseph stated that she questioned the Registrar about changing her party affiliation and was told that “I could wait until 30 days prior to the election to do so.” Ms. Joseph, when questioned by the trial court as to what affiliation her voter registration card on file with the St. John Registrar of Voters listed on the last day of qualifying for this election, admitted, “it says that I have none.” Ms. Joseph also admitted, “To change my party affiliation, as required, I believe that I’m supposed to go to the Registrar of Votersfsic ] Office to do so.” When asked if she had accomplished that, she stated, “Yes, I ... attempted to.”
During her testimony, she also identified a printout from the Louisiana Secretary of State’s website listing her party affiliation as “Democrat.”[4] When asked by the trial *317 court when her affiliation was entered in the Secretary of State’s |4website, she replied, “I don’t remember when. I don’t really remember when it was changed.... I think when I filed [my notice of candidacy] papers it was changed.”
At the conclusion of the trial, the trial court, based on the testimony and evidence before him, ruled in favor of Mrs. Trosclair finding that Ms. Joseph’s “failure to put the party affiliation on the qualifying form that is shown in the records of the Registrar of Voters disqualifies her from the election.” Ms. Joseph appeals that ruling.
DISCUSSION
On appeal, Ms. Joseph, in numerous assignments of error, essentially contends that the trial court erred in its ruling because party affiliation is not a constitutional or mandated qualification for judicial office and, thus, cannot be used to disqualify a candidate. In her final assignment of error, Ms. Joseph also argues that the “trial court erred in failing to rule on, and effectively denying, Ms. Joseph’s declinato-ry exception of insufficiency of service of process.”
Turning to her final assignment of error first, Ms. Joseph argues that the trial court erred in failing to rule on her verbal exception of insufficiency of service of process. First, we note that this Court reviews issues which were submitted to the trial court. U.R.C.A 1-3. As there was no ruling, this issue is not properly before this Court on appeal.
La. Const. Art. V, § 24 reads, in pertinent part, “A judge of the ... district court ... shall have been domiciled in the respective ... parish for one year preceding election and shall have been admitted to the practice of law in the state for at least ... eight years.... [and] shall not practice law.”
In an election contest, the person objecting to the candidacy bears the burden of proving the candidate is disqualified. La. R.S. 18:492; Russell v.. Goldsby, 00-12595, (La.9/22/00), 780 So.2d 1048, 1049-51; Messer v. London, 438 So.2d 546 (La.1983). The laws governing the conduct of elections must be liberally interpreted so as to promote rather than defeat candidacy. Russell, supra.
The purpose of the notice of candidacy is to provide sufficient information to show a candidate is qualified to run for the office he seeks. Senegal v. Obafunwa, 99-1449, 99-1450 (La.App. 3 Cir. 9/27/99), 745 So.2d 74, 76. Any doubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office. Dixon v. Hughes, 587 So.2d 679 (La.1991).
The manner of qualifying for an election is set forth in La. R.S. 18:461(A)(1), which provides in pertinent part that “[a] person who desires to become a candidate in a primary election shall qualify as a candidate by timely filing notice of his candidacy, which shall be accompanied ... by the qualifying fee and any additional fee imposed.” La. R.S. 18:463 provides, in pertinent part, that:
A.(l)(a)A notice of candidacy shall be in writing and shall state the candidate’s name, the office he seeks, the address of his domicile, and the parish, ward, and precinct where he is registered to vote. The candidate shall list on the notice of candidacy the name of the political party if he is registered as being affiliated with a recognized political party, “other” if he is registered as being affiliated with a political party that is not a recognized political party, or “no party” or an abbreviation thereof *318 if he is registered with no political party affiliation. No candidate shall change or add his political party designation, for purposes of printing on the election ballot as required by R.S. 18:551(D), after he has qualified for the election.”
[[Image here]]
(2)(a) The notice of candidacy also shall include a certificate, signed by the candidate, certifying all of the following:
(1) That he has read the notice of his candidacy.
(ii) That he meets the qualifications of the office for which he is qualifying.
[[Image here]]
(viii) That all of the statements contained in it are true and correct.
(b) The certificate shall be executed before a notary public or shall be witnessed by two persons who are registered to vote on the office the candidate seeks.
[[Image here]]
E. (1) A candidate who has filed a notice of candidacy may change the information contained therein by filing a new notice of candidacy and paying the qualifying fee required by R.S. 18:464 during the qualifying period; however, a candidate who is serving in the armed forces of the United States who is stationed or deployed outside of the United States shall not be required to pay the qualifying fee.
(2) No changes to the information contained in a notice of candidacy shall be made after the close of qualifying, except to correct an error made by the qualifying official who entered the information contained in the notice of candidacy into the database of the Department of State. [Emphasis added.]
La. R.S. 18:551(D) provides:
The political party designation of a candidate who is registered as being affiliated with a recognized political party shall be listed on the primary or general election ballot on the same line and immediately after or below the candidate’s name. If a candidate is not affiliated with a political party, the space after his name shall be left blank.
“Moreover, Section 551(D) requires the Secretary of State to prepare election ballots that properly reflect a candidate’s political party affiliation, as stated. in his latest, timely, and accurate notice of candidacy.” LaCombe v. McKeithen, 04-1880 (La.App. 1 Cir. 8/30/04), 887 So.2d 48, 51-53, writ denied, 04-2240 (La.9/2/04); 882 So.2d 588.
“The intent of the law, as we understand the language which it uses, is to require that the qualification of a candidate shall be complete at the time he files his application, or, at any rate, before the expiration of the time for filing applications.” Smith v. Parish Democratic Executive Comm, for Parish of Jefferson, 164 La. 981, 985, 115 So. 54, 56 (1927). See also Edwards' v. Patterson, 94-1672 (La.App. 1 Cir. 8/18/94), 641 So.2d 219, 220-21(once qualifying is closed, if there is no legal basis for reopening the qualifying period then the candidate cannot amend her notice of candidacy).
There is no dispute that, according to the Registrar of Voters for St. John the Baptist Parish, Ms. Joseph was not affiliated with a political party on the date that |7she filed her notice of candidacy in this election. Further, there is no dispute that Ms. Joseph listed her party affiliation on her notice of candidacy as Democrat.
Here, as in Edwards, Ms. Joseph’s notice of candidacy was not free from errors and did not satisfy the legal requirements of accuracy when it was filed. Ac *319 cordingly, we must hold that Ms. Joseph incorrectly listed her party affiliation on her qualifying papers, creating an error in material information that is required by law to be accurate so that balloting can be properly published by the Secretary of State in the voting booth. Because this error cannot be corrected after the fact, Ms. Joseph’s failure to properly declare her party affiliation on her notice of candidacy has disqualified her from candidacy.
Moreover, La. R.S. 18:1410 mandates that a court rendering a judgment in an action objecting to candidacy transmit the judgment to the Secretary of State who shall remove that candidate’s name from the ballot. Thus, the only legislative remedy for a successful challenge to candidacy is the removal of the unsuccessful litigant’s name from the ballot.
DECREE
For the foregoing reasons, we find that the ruling of the trial court was correct and hereby affirm that ruling. Costs of appeal are assessed against appellant, Mona Rita Joseph.

AFFIRMED.

JOHNSON, J., dissents with reasons.
CHAISSON, J., dissents with reasons.

. Mrs. Trosclair is die aunt of the third qualifier for the election for Judge in Division "B,” Robert "Rob” Snyder.

. Mrs. Trosclair also filed a petition objecting to the candidacy of the incumbent, Judge Mary Hotard Becnel, which was denied. Mrs. Trosclair’s appeal of that ruling is before this Court in Trosclair v. Becnel et al, 14-676.

. Judge Michael Kirby was -appointed ad hoc by the Louisiana Supreme Court to preside over the suits arising out of this election.

.Ms. Joseph introduced as "Joseph Exhibit 2,” a printout from the Louisiana Secretary of State dated September 2, 2014. Over Mrs. Trosclair’s objection, Judge Kirby accepted the document into evidence and indicated that he would give it the evidentiary weight to which he deemed it entitled. This Court' has no basis upon which to discern the genesis of the information contained in the document. Since the print date of this document is September 2, 2014, after the close of the applicable qualifying period, it is impossible to determine whether the Secretary of State designated Ms. Joseph as a Democrat based *317 upon her notice of candidacy or some other document.