CHEHARDY, C.J.
This is an election challenge contesting the qualification of a candidate for the office of Associate Justice of the Louisiana Supreme Court, District 1, in the Primary *254 Election to be held on November 6, 2018.[1] For the reasons articulated below, we affirm.
FACTUAL AND PROCEDURAL HISTORY
On July 18, 2018, Richard Lynn Ducote filed a signed and notarized Notice of Candidacy form with the Louisiana Secretary of State, declaring his candidacy for the office of Associate Justice, Louisiana Supreme Court, District 1.[2]
On July 27, 2018, plaintiff, Stephen Michael Petit, Jr.,[3] filed suit in the Twenty-Fourth Judicial District Court for the Parish of Jefferson objecting to Mr. Ducote's candidacy on three bases: (1) that Mr. Ducote had falsely certified in his Notice of Candidacy that he had filed his state income tax returns for three of the five previous years - 2013, 2014, and 2015;[4] (2) that Mr. Ducote had falsely certified that he had filed the report required by the Campaign Finance Disclosure Act;[5] and *255 (3) that Mr. Ducote falsely certified that he met the necessary qualifications for judicial office as he was not domiciled in St. Tammany Parish for at least one year preceding election.[6]
On his Notice of Candidacy form, Mr. Ducote certified, among other things, that:
8) If I am a candidate for any office other than United States senator or representative in congress, that for each of the previous five tax years, I have filed my federal and state income tax returns, have filed for an extension of time for filing either my federal or state income tax return or both, or was not required to file either a federal or state income tax return or both.
9) I acknowledge that I am subject to the provisions of the Campaign Finance Disclosure Act if I am a candidate for any office other than United States senator, representative in congress, or member of a committee of a political party and that I do not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act.
10) If I am a candidate for a major or district office as defined in La. R.S. 18:1483, I have filed each report that I have been required to file by the Campaign Finance Disclosure Act, if any were previously due.
* * *
13) All the statements contained herein are true and correct.
Trial of the matter was held on July 30, 2018,[7] and Judge Kovach granted the parties' request to file post-trial briefs on July 31, 2018. On August 1, 2018, Judge Kovach ruled that Mr. Ducote had falsely certified that he had filed Louisiana state tax returns in 2013, 2014, and 2015 and that he had failed to provide any proof that he was not required to file a Louisiana state income tax return for those years, and, thus, disqualified Mr. Ducote as a candidate in the November 6, 2018 Primary Election.
Mr. Ducote now appeals his disqualification. On appeal, Mr. Ducote presents three assignments of error: first, the trial court erred as a matter of law in allowing Mr. Petit to proceed to trial on a theory that was not pled in his petition; second, the trial court erred as a matter of law in finding that Mr. Petit established a prima facie case that Mr. Ducote failed to file required Louisiana non-resident income tax returns, and that Mr. Ducote's failure to rebut the prima facie case mandated his disqualification; and lastly, the trial court erred as a matter of law in finding that Mr. Ducote's certifications in his notice of candidacy are false, thus requiring his disqualification under La. R.S. 18:492(A)(7).
DISCUSSION
Election Law
The manner of qualifying for an election is set forth in La. R.S. 18:461(A)(1), which provides, in pertinent part, that "[a] person who desires to become a candidate in a *256 primary election shall qualify as a candidate by timely filing notice of his candidacy ...." La. R.S. 18:463[8] provides, in pertinent part, that:
A.(1)(a) A notice of candidacy shall be in writing and shall state the candidate's name, the office he seeks, the address of his domicile, and the parish, ward, and precinct where he is registered to vote.
* * *
(2)(a) The notice of candidacy also shall include a certificate, signed by the candidate, certifying all of the following:
(i) That he has read the notice of his candidacy.
(ii) That he meets the qualifications of the office for which he is qualifying.
* * *
(iv) Except for a candidate for United States senator or representative in congress, that for each of the previous five tax years, he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both, or was not required to file either a federal or state income tax return or both.
(v) That he acknowledges that he is subject to the provisions of the Campaign Finance Disclosure Act if he is a candidate for any office other than United States senator, representative in congress, or member of a committee of a political party and that he does not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act.
(vi) That, if he is a major or district office candidate as defined in R.S. 18:1483, he has filed each report he has been required to file by the Campaign Finance Disclosure Act, if any were previously due.
(vii) That he does not owe any outstanding fines, fees, or penalties pursuant to the Code of Governmental Ethics.
(viii) That all of the statements contained in it are true and correct.
(b) The certificate shall be executed before a notary public or shall be witnessed by two persons who are registered to vote on the office the candidate seeks.
* * *
E. (1) A candidate who has filed a notice of candidacy may change the information contained therein by filing a new notice of candidacy and paying the qualifying fee required by R.S. 18:464 during the qualifying period; however, a candidate who is serving in the armed forces of the United States who is stationed or deployed outside of the United States shall not be required to pay the qualifying fee.
(2) No changes to the information contained in a notice of candidacy shall be made after the close of qualifying, except to correct an error made by the qualifying official who entered the information contained in the notice of candidacy into the database of the Department of State.
La. R.S. 18:451, which provides general candidate qualifications, states in pertinent part: "In the event that the qualifications for an office include a residency or domicile requirement, a candidate shall meet the established length of residency or domicile as of the date of qualifying, notwithstanding *257 any other provision of law to the contrary."
Article V, § 24 of the Louisiana Constitution sets forth the qualifications for judicial candidates:
A. A judge of the supreme court , a court of appeal, district court, family court, parish court, or court having solely juvenile jurisdiction shall have been domiciled in the respective district, circuit, or parish for one year preceding election and shall have been admitted to the practice of law in the state for at least the number of years specified as follows:
(1) For the supreme court or a court of appeals - ten years.
(2) For a district court, family court, parish court, or court having solely juvenile jurisdiction - eight years.
B. He shall not practice law. (Emphasis added.)
The purpose of the notice of candidacy is to provide sufficient information to show a candidate is qualified to run for the office he seeks. Trosclair v. Joseph , 14-675 (La. App. 5 Cir. 9/09/14), 150 So.3d 315, 317. Any doubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office. Dixon v. Hughes , 587 So.2d 679 (La. 1991).
In an election contest, the person objecting to the candidacy bears the burden of proving the candidate is disqualified. La. R.S. 18:492 ; Russell v. Goldsby , 00-2595 (La. 9/22/00), 780 So.2d 1048, 1049-51 ; Trosclair, supra . Although Louisiana law favors candidacy, once an objector makes a prima facie showing of grounds for disqualification, the burden shifts to the defendant to rebut the showing. Landiak v. Richmond , 05-0758 (La. 3/24/05), 899 So.2d 535, 541-2. The laws governing the conduct of elections must be liberally interpreted so as to promote rather than defeat candidacy. Russell, supra .
Appellate courts review a trial court's findings of fact under the manifest error or clearly wrong standard. Nixon v. Hughes , 15-1036 (La. App. 4 Cir. 9/29/15), 176 So.3d 1135, 1137.
In his first assignment of error, Mr. Ducote alleges that the trial court erred in finding that the allegations of the petition were sufficient to notify him that his candidacy would be challenged for failure to file nonresident tax returns. After trial, Judge Kovach found that:
Paragraph 10 of the petitioners' petition alleges, 'According to the Louisiana Department of Revenue, Ducote has not filed the required state tax forms for 2013, 2014, or 2015.' This allegation is clear and unambiguous. It is sufficient to put Ducote on notice as to the basis of petitioner's challenge. Ducote has not filed the required Louisiana state income tax return, whether it should have been filed as a resident or a non-resident.
Pursuant to La. C.C.P. art. 854 and La. C.C.P. art. 891, Louisiana requires only fact pleading. In order to plead "material facts" within Louisiana's fact-pleading system, the pleader must state what act or omission he will establish at trial. Miller v. Thibeaux , 14-1107 (La. 1/28/15), 159 So.3d 426, 432. More specifically, La. R.S. 18:1406(B), which controls in petitions objecting to candidacy for election, states, "The petition shall set forth in specific detail the facts upon which the objection or contest is based."
In the petition in this case, Mr. Petit alleged in paragraph 6 that, in his Notice of Candidacy, Mr. Ducote certified that "for each of the previous five tax years, I have filed my federal and state income tax returns, ..., or was not required to file *258 either a federal or state income tax return or both." Further, Mr. Petit alleged in paragraphs 10 and 11, which are in a subsection entitled "FALSE CERTIFICATION REGARDING TAXES," that Mr. Ducote falsely certified that he "had filed the last 5 years tax returns" that he was "required to file."
Here, Mr. Petit's allegation was sufficiently specific in detail to allow the candidate, Mr. Ducote, to know the nature of Mr. Petit's objection to his candidacy as called for in La. R.S. 18:1406(B). Specifically, the petition alleged that Mr. Ducote failed to file state tax returns in light of information that Mr. Ducote earned income in Louisiana during 2013, 2014, and 2015. Furthermore, neither the certification on the Notice of Candidacy nor the petition distinguished between the filing of resident and/or non-resident state tax forms.
Upon review, we find that, in his petition, Mr. Petit sufficiently placed at issue the question of whether Mr. Ducote filed state tax returns in Louisiana in the years 2013, 2014, and 2015 and his certification of said filings. Accordingly, we find no error in the trial judge's ruling on this issue.
Turning now to Mr. Ducote's second and third assignments of error, we note that at trial of this matter, Mr. Petit testified that, through a public records request to the Louisiana Department of Revenue ("LDR"), he learned that Mr. Ducote did not file state tax returns in Louisiana for the years 2013, 2014, or 2015. Further, Mr. Ducote admitted at trial:
Well, I will be glad to stipulate that I did not file Louisiana returns in the years 2013, 2014, 2015 because I was a Pennsylvania resident and domiciled. I wasn't required to. I did file in '16 and '17. And that's reflected in the exhibit. So, I mean, I'm not going to argue with that fact.
Thus, it is undisputed that Mr. Ducote did not file individual state income tax returns with the Louisiana Department of Revenue for the years 2013, 2014, and 2015.
Mr. Petit also introduced testimony from Bradley Blanchard, an attorney in the Policy Services Division of the Louisiana Department of Revenue, who was accepted as an expert in Louisiana state income tax law. Mr. Blanchard testified that legal services, including representing clients at hearings and in trial in Louisiana, constitute "Louisiana-sourced income" that must be reported by a nonresident on a state tax return filed in Louisiana.
When questioned regarding corporate taxation, Mr. Blanchard testified that a corporation, even an "S" corporation, would need to report earnings from Louisiana on a corporate return filed in Louisiana and an employee of a corporation must file an individual income tax return for income earned in Louisiana. Further, if a corporation makes a distribution of profits or dividends to a shareholder in Louisiana that must be reported as income in Louisiana.
Mr. Petit also presented testimony from Keith Naccari, who was accepted as an expert in Louisiana taxation, regarding a nonresident's obligation to file a tax return in Louisiana. Mr. Naccari testified that La. R.S. 47:31 requires every nonresident that earns revenue from services they provide in Louisiana to file state income tax returns. Mr. Naccari, quoting from La. R.S. 47:243 and La. R.S. 47:244, further testified that corporations must pay taxes in Louisiana on "gross apportionable income from Louisiana sources," which "shall include revenue from services performed in the state and any other gross income derived entirely from sources within the state."
*259 During his testimony, Mr. Ducote stated that, as an employee of his corporation, he was paid a salary, which he declared as income on his federal and Pennsylvania state income tax returns. Mr. Ducote contended that he did not file a state income tax return in Louisiana because he was not a resident of Louisiana. Further, Mr. Ducote contended that any contracts for legal representation by his corporation were confected in Pennsylvania by a Pennsylvania corporation and, thus, any income earned as a result of those contracts was earned in and taxable in Pennsylvania.
After trial, Judge Kovach issued written Reasons for Judgment, which articulately discussed each of Mr. Petit's three objections to Mr. Ducote's candidacy.[9] First, Judge Kovach found that Mr. Petit failed to present evidence that Mr. Ducote had not complied with the requirements of the Campaign Finance Disclosure Act and, thus, Mr. Petit had not borne his burden of proof that Mr. Ducote had falsely certified that he had complied. Second, Judge Kovach found that, although Mr. Petit did establish a prima facie case that Mr. Ducote is domiciled in Pennsylvania, Mr. Ducote presented sufficient evidence that he had changed his domicile to Covington, Louisiana in February 2016 to rebut the prima facie showing.
Finally, and most importantly for this opinion, Judge Kovach found that Mr. Petit presented substantial evidence, including Mr. Ducote's own admission, that Mr. Ducote did not file the required state tax forms in Louisiana for 2013, 2014, or 2015. Judge Kovach found that Mr. Petit presented evidence at trial that revealed that, in 2013, 2014, and 2015, Mr. Ducote was enrolled as an attorney representing Louisiana residents, was paid an income by his corporation for these Louisiana services, and received dividends as the corporation's sole shareholder.
Judge Kovach opined that, although Mr. Ducote alleged that he was not domiciled in Louisiana during those years and, thus, was not required to file tax forms in Louisiana, La. R.S. 47:31 mandates that nonresidents that earn income from Louisiana sources must pay taxes on said income. Judge Kovach found that Mr. Petit had borne his burden of proving that Mr. Ducote falsely certified that he was not required to file state tax forms when, under Louisiana law, he was required to file income tax returns for all three years. Further, Judge Kovach found that Mr. Ducote did not rebut that showing. Upon so finding, Judge Kovach found that the false certification was sufficient to disqualify Mr. Ducote from the November election.
Upon review, we find that the trial judge did not err in finding that Mr. Petit presented a prima facie case that Mr. Ducote *260 falsely certified that he was not required to file state tax returns for 2013, 2014, and 2015. Moreover, we find that the trial court did not err in finding that Mr. Ducote failed to rebut that showing. Accordingly, we hereby affirm the trial court's ruling disqualifying Mr. Ducote as a candidate for the office of Associate Justice of the Louisiana Supreme Court, District 1 in the Primary Election on November 6, 2018.
AFFIRMED .

Pursuant to La. R.S. 18:1409(F) of the Election Code, this Court has granted expedited consideration of this appeal:
Immediately upon receipt of the record the clerk of the court of appeal shall notify the parties and the case shall be heard no later than forty-eight hours after the record is lodged with the court of appeal. Judgment shall be rendered within twenty-four hours after the case is argued. The court of appeal shall indicate the date and time rendered on the judgment. The clerk of the court of appeal shall immediately notify all parties or their counsel of record by telephone and/or facsimile transmission of the judgment.

La. Const. Art. V, § 4 mandates that the state shall be divided into at least six supreme court districts. La. R.S. 13:101, which divides the state into seven supreme court districts, mandates that the court shall be composed of one justice "elected from each of the seven districts as set forth below:"
(1) District 1 is composed of Precincts 1-H, 2-H, 3-H, 4-H, 5-H, 6-H, 7-H, 8-H, 9-H, 1-K, 2-K, 3-K, 4-K, 5-K, 6-K, 7-K, 8-K, 9-K, 10-K, 11-K, 12-K, 13-KA, 13-KB,14-K, 15-K, 16-K, 17-K, 18-K, 19-K, 20-K, 21-K, 22-K, 23-K, 24-K, 25-K, 26-K, 27-K, 28-K, 29-K, 30-K, 31-K, 32-K, 33-K, 34-K, 35-K, 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 150, 151, 152, 153, 154, 155, 157A, 157B, 158, 170, 186, 198, and 199 of Jefferson Parish; Precincts 3-20, 4-8, 4-9, 4-10, 4-10A, 4-11, 4-14, 4-14A, 4-15, 4-16, 4-16A, 4-17, 4-17A, 4-18, 4-18A, 4-19, 4-20, 4-20A, 4-21, 4-21A, 4-22, 4-23, 5-13, 5-14, 5-15, 5-16, 5-17, 5-18, 17-17, 17-18, 17-18A, 17-18B, 17-19, 17-19A, 17-20, and 17-21 of Orleans Parish; St. Helena Parish; St. Tammany Parish; Tangipahoa Parish; and Washington Parish.
* * *

Mr. Petit is an elector qualified to vote in Jefferson Parish, Precinct K-12 and is, thus, permitted to object to the candidacy of a qualifier in the race for Associate Justice for the Louisiana Supreme Court, District 1. See , La. R.S. 18:1401(A).

La. R.S. 18:492(A)(7) permits an action objecting to the candidacy of a person who qualified as a candidate in a primary election where:
The defendant falsely certified on his notice of candidacy that for each of the previous five years he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both as provided in R.S. 18:463(A)(2), or was not required to file either a federal or state income tax return or both.

La. R.S. 18:492(A)(5) permits an action objecting to the candidacy of a person who qualified as a candidate in a primary election where: "The defendant falsely certified on his notice of candidacy that he does not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act as provided in R.S. 18:463(A)(2)."

La. R.S. 18:492(A)(3) permits an action objecting to the candidacy of a person who qualified as a candidate in a primary election where: "The defendant does not meet the qualifications for the office he seeks in the primary election."

La. R.S. 18:1409(A)(1) states: "Actions objecting to the calling of a special election, objecting to candidacy, contesting the certification of a recall petition, or contesting an election shall be tried summarily, without a jury, and in open court. The trial shall begin no later than 10:00 a.m. on the fourth day after suit was filed."

La. R.S. 18:463 has been amended by Acts 2018, No. 584, § 3, effective January 1, 2019.

In her written Reasons for Judgment, Judge Kovach indicated that she did not rely on any of the testimony offered by Mr. Blanchard or Mr. Naccari in reaching her decision, but rather based her opinion on the law cited in post-trial briefs along with the facts as established through testimony and documentary evidence at trial. "The district court's oral or written reasons for judgment form no part of the judgment, and ... appellate courts review judgments, not reasons for judgment." Wooley v. Lucksinger , 09-0571 (La. 4/01/11), 61 So.3d 507, 572 ; Greater New Orleans Expressway Commission v. Olivier , 2002-2795p. 3 (La. 11/18/03), 860 So.2d 22, 24. "The written reasons for judgment are merely an explication of the trial court's determinations. They do not alter, amend, or affect the final judgment being appealed ...." State in the Interest of Mason , 356 So.2d 530, 532 (La. App. 1 Cir. 1977). Although Mr. Ducote discussed this testimony in his appellate brief, he did not object to Mr. Blanchard's testimony at trial and did not raise to this Court in an assignment of error the trial court's admission of either Blanchard or Naccari's testimony.