RAYMOND J. LABAT, JR.

VERSUS

MELINDA PRICE-BEDI, KYLE ARDOIN, IN
HIS OFFICIAL CAPACITY AS SECRETARY
OF STATE FOR THE STATE OF LOUISIANA

NO. 19-CA-404

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT
PARISH OF ST. CHARLES, STATE OF LOUISIANA
NO. 86,686, DIVISION "X"
HONORABLE ASHLY B. SIMPSON, JUDGE AD HOC PRESIDING

August 23, 2019

MARC E. JOHNSON
JUDGE

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Marc E. Johnson

2019 AUG 23 PM 4: 00
DEPUTY CLERK
FIFTH CIRCUIT
COURT OF APPEAL
STATE OF LOUISIANA
FILE FOR RECORD

AFFIRMED

MEJ
FHW
JGG

COUNSEL FOR PLAINTIFF/APPELLEE,
RAYMOND J. LABAT, JR.
Steven M. Mauterer

DEFENDANT/APPELLANT,
MELINDA PRICE-BEDI
In Proper Person

**JOHNSON, J.**

This is an election challenge[1] contesting the candidacy of Melinda Price-Bedi for the office of Sheriff of St. Charles Parish. This position is to be filled by a primary election to be held on October 12, 2019, followed by a general election November 16, 2019, if necessary. For the reasons that follow, we affirm the judgment of the district court.

### *FACTUAL AND PROCEDURAL HISTORY*

On August 7, 2019, Ms. Price-Bedi filed a sworn notice of candidacy for the office of Sheriff of St. Charles Parish. On August 15, 2019, Raymond J. Labat, Jr., a duly-qualified elector of the Parish of St. Charles,[2] filed a petition to challenge the candidacy of Ms. Price-Bedi on two grounds: (1) that Ms. Price-Bedi had falsely certified that she met the necessary qualifications for candidate for sheriff as she was not "actually domiciled for the preceding year" in St. Charles Parish;[3] and (2) that Ms. Price-Bedi had falsely certified in her Notice of Candidacy that she had filed her state income tax returns for two of the five previous years – 2017 and 2018.[4]

On her Notice of Candidacy form, Ms. Price-Bedi certified, among other things, that:

---

[1] Pursuant to La. R.S. 18:1409(F) of the Election Code, this Court has granted expedited consideration of this appeal:

> Immediately upon receipt of the record the clerk of the court of appeal shall notify the parties and the case shall be heard no later than forty-eight hours after the record is lodged with the court of appeal. Judgment shall be rendered within twenty-four hours after the case is argued. The court of appeal shall indicate the date and time rendered on the judgment. The clerk of the court of appeal shall immediately notify all parties or their counsel of record by telephone and/or facsimile transmission of the judgment.

[2] *See*, La. R.S. 18:1401(A).

[3] La. R.S. 18:492(A)(3) permits an action objecting to the candidacy of a person who qualified as a candidate in a primary election where: "The defendant does not meet the qualifications for the office he seeks in the primary election."

[4] La. R.S. 18:492(A)(7) permits an action objecting to the candidacy of a person who qualified as a candidate in a primary election where:

> The defendant falsely certified on his notice of candidacy that for each of the previous five years he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both as provided in R.S. 18:463(A)(2), or was not required to file either a federal or state income tax return or both.

19-CA-404                                    1

6) I have read this Notice of Candidacy and I meet the qualifications of the office for which I am qualifying.

\* \* \*

8) If I am a candidate for any office other than United States senator or representative in congress, that for each of the previous five tax years, I have filed my federal and state income tax returns, have filed for an extension of time for filing either my federal or state income tax return or both, or was not required to file either a federal or state income tax return or both.

\* \* \*

13) All the statements contained herein are true and correct.

Trial of the matter was held on August 19, 2019.[5] That day, Judge A. Bruce Simpson, *ad hoc* signed a written judgment disqualifying Ms. Bedi as a candidate for the office of Sheriff in St. Charles Parish. Ms. Price-Bedi now appeals her disqualification.

## DISCUSSION

### Election Law

The manner of qualifying for an election is set forth in La. R.S. 18:461(A)(1), which provides, in pertinent part, that "[a] person who desires to become a candidate in a primary election shall qualify as a candidate by timely filing notice of his candidacy … ." La. R.S. 18:463[6] provides, in pertinent part, that:

A.(1)(a) A notice of candidacy shall be in writing and shall state the candidate's name, the office he seeks, the address of his domicile, and the parish, ward, and precinct where he is registered to vote.

\* \* \*

(2)(a) The notice of candidacy also shall include a certificate, signed by the candidate, certifying all of the following:

(i) That he has read the notice of his candidacy.

(ii) That he meets the qualifications of the office for which he is qualifying.

---

[5] La. R.S. 18:1409(A)(1) states: "Actions objecting to the calling of a special election, objecting to candidacy, contesting the certification of a recall petition, or contesting an election shall be tried summarily, without a jury, and in open court. The trial shall begin no later than 10:00 a.m. on the fourth day after suit was filed."

[6] La. R.S. 18:463 was amended by Acts 2018, No. 584, § 3, effective January 1, 2019.

\* \* \*

> (iv) Except for a candidate for United States senator or representative in congress, that for each of the previous five tax years, he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both, or was not required to file either a federal or state income tax return or both.

\* \* \*

> (viii) That all of the statements contained in it are true and correct.

> (b) The certificate shall be executed before a notary public or shall be witnessed by two persons who are registered to vote on the office the candidate seeks.

The purpose of the notice of candidacy is to provide sufficient information to show a candidate is qualified to run for the office he seeks. *Trosclair v. Joseph*, 14-675 (La. App. 5 Cir. 9/09/14), 150 So.3d 315, 317. Any doubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office. *Dixon v. Hughes*, 587 So.2d 679 (La. 1991).

In an election contest, the person objecting to the candidacy bears the burden of proving the candidate is disqualified. La. R.S. 18:492; *Russell v. Goldsby*, 00-2595 (La. 9/22/00), 780 So.2d 1048, 1049-51; *Trosclair, supra*. Although Louisiana law favors candidacy, once an objector makes a *prima facie* showing of grounds for disqualification, the burden shifts to the defendant to rebut the showing. *Landiak v. Richmond*, 05-758 (La. 3/24/05), 899 So.2d 535, 541-2. The laws governing the conduct of elections must be liberally interpreted so as to promote rather than defeat candidacy. *Russell, supra*. Appellate courts review a trial court's findings of fact under the manifest error or clearly wrong standard. *Nixon v. Hughes*, 15-1036 (La. App. 4 Cir. 9/29/15), 176 So.3d 1135, 1137.

At the trial of this matter, Mr. Labat established that he was a duly-qualified elector of the Parish of St. Charles. Further, Mr. Labat called Bradley Blanchard, as a designee of the custodian of public records for the Louisiana Department of Revenue ("LDR"), who testified that the LDR did not have a record that Ms. Price-

Bedi filed either state tax returns or requests for extensions in Louisiana for the years 2017 and 2018.

During her testimony, Ms. Price-Bedi admitted that she had not filed state tax returns for neither 2017 nor 2018 but that she had not earned sufficient income in either year to necessitate filing a tax return. Bryan Bedi testified that, although they divorced in October of 2018, they were married for all of 2017 and he earned income during that time. Further, he testified that neither he nor Ms. Price-Bedi have filed a state tax return or requested an extension for 2017 or 2018.

At the close of the testimony, the trial judge found that Mr. Labat had borne his burden of proof regarding Ms. Price-Bedi's failure to file federal or state income tax returns or extensions, stating:

> …Ms. Bedi failed to file her federal and state income tax returns for the years 2017 and 2018. She did not file any requests for extension to file tax returns for those particular years. And there is no proof that she was not required to file either a federal or state income tax return. And this Court finds that it was not reasonable for her to have a belief for the year 2017, that she did not have an obligation to file a federal or state income tax return. And, therefore, Mr. Labat has proved that ground for an objection to her candidacy and she does not have the necessary qualifications to seek the Office of the Sheriff of the Parish of St. Charles, State of Louisiana.

In *Irvin v. Brown*, 17-614 (La. App. 4 Cir. 7/28/17), --- So.3d ---, 2017 WL 3205858, the Fourth Circuit found that the plaintiff made a *prima facie* case to disqualify the challenged candidate after he proved the challenged candidate had failed to file tax returns for two of the prior five years, and therefore the burden shifted to the challenged candidate to show either he filed or was not required to file taxes for those years. The challenged candidate only asserted, without any documentary proof, that he was not required to file tax returns for those two years. The Fourth Circuit held that these assertions, without documentary evidence, was insufficient to rebut the plaintiff's *prima facie* showing that the challenged candidate was not qualified.

Here, as in the *Brown*, Ms. Price-Bedi failed to present any documentary evidence that she was not required to file taxes of 2017 and 2018. Accordingly, we find no error in the trial court's disqualification of Ms. Price-Bedi's candidacy.

### *Answer to Appeal*

Mr. Labat filed an answer to the appeal seeking reversal of that portion of the trial court's judgment denying his objection to candidacy on the basis Ms. Price-Bedi was not domiciled in St. Charles Parish. Having found that Ms. Price-Bedi was properly disqualified as a candidate on the ground that she failed to file tax returns for two of the previous five years, we pretermit any discussion regarding the issue of her domicile and how it might affect her qualification for candidacy.

### *Conclusion*

In light of the foregoing, the trial court's judgment disqualifying Ms. Price-Bedi candidacy for Sheriff of St. Charles Parish is affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

MARY E. LEGNON
INTERIM CLERK OF COURT

CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **AUGUST 23, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

MARY E. LEGNON
INTERIM CLERK OF COURT

# 19-CA-404

## E-NOTIFIED

29TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE ASHLY B. SIMPSON (DISTRICT JUDGE)
RAY L. WOOD (APPELLEE)        STEVEN M. MAUTERER (APPELLEE)

## MAILED

MELINDA PRICE-BEDI (APPELLANT)
IN PROPER PERSON
POST OFFICE BOX 335
LULING, LA 70070

LANCE MARINO, CLERK OF COURT
(APPELLEE)
IN PROPER PERSON
POST OFFICE BOX 424
HAHNVILLE, LA 70057

2019 AUG 23  PM 4: 00
DEPUTY CLERK
FIFTH CIRCUIT
COURT OF APPEAL
STATE OF LOUISIANA
FILE FOR RECORD