ALLISON NOCITO

VERSUS

KENDALL BUSSEY, SR. AND JON
GEGENHEIMER, IN HIS OFFICIAL
CAPACITY AS CLERK OF COURT FOR THE
PARISH OF JEFFERSON, STATE OF
LOUISIANA

NO. 20-CA-243

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 808-704, DIVISION "E"
HONORABLE FRANK A. BRINDISI, JUDGE PRESIDING

August 05, 2020

SUSAN M. CHEHARDY
CHIEF JUDGE

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and John J. Molaison, Jr.

DEPUTY CLERK
FIFTH CIRCUIT
COURT OF APPEAL
STATE OF LOUISIANA
2020 AUG -5 PM 12: 52
FILE FOR RECORD

JOHNSON, J., DISSENTS WITH REASONS
MEJ

AFFIRMED
SMC
JJM

COUNSEL FOR PLAINTIFF/APPELLEE,
ALLISON NOCITO
Stephen M. Petit, Jr.

COUNSEL FOR DEFENDANT/APPELLANT,
KENDALL BUSSEY, SR.
G. Karl Bernard
Jon S. McGill

**CHEHARDY, C.J.**

In this election appeal, plaintiff Allison Nocito challenges the qualifications of defendant Kendall Bussey, Sr., a candidate for the office of Constable, Second Judicial Court, Parish of Jefferson in the November 3, 2020 election. Ms. Nocito contends Mr. Bussey does not qualify because he failed to file his state income taxes for 2019. For the reasons that follow, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On July 24, 2020, Mr. Bussey qualified to run for the Constable of Second District Court in Jefferson Parish by signing and filing his Notice of Candidacy with the Clerk of Court for the Parish of Jefferson. Line 9 of the Notice of Candidacy form states: "If I am a candidate for any office other than United States Senator and/or Representative in Congress, that for each of the previous five tax years, I have filed my Federal and State income tax returns, have filed for an extension of time for filing either my Federal or State income tax returns, or both, or was not required to file either a Federal or State income tax return, or both."

At trial Mr. Bussey testified that he filed tax returns for 2015, 2016, 2017, and 2018. Before trial, however, Mr. Bussey stipulated that he did not file his 2019 tax forms. The trial court disqualified Mr. Bussey as a candidate after determining plaintiff proved her case but he presented insufficient evidence on rebuttal, citing *Petit v. Ducote*, 18-452 (La. App. 5 Cir. 8/6/18), 253 So.3d 252, *writ denied*, 18-1318 (La. 8/9/18), 248 So.3d 325.

**DISCUSSION**

*Election Law*

The manner of qualifying for an election is set forth in La. R.S. 18:461(A)(1), which provides, in pertinent part: "A person who desires to become a candidate in

a primary election shall qualify as a candidate by timely filing notice of his candidacy...." La. R.S. 18:463 provides, in pertinent part:

> A. (2)(a) The notice of candidacy … shall include a certificate, signed by the candidate, certifying all of the following:
>
> (i)     That he has read the notice of his candidacy.
>
> (ii)    That he meets the qualifications of the office for which he is qualifying.
>
> * * *
>
> (iv)    Except for a candidate for United States senator or representative in congress, that for each of the previous five tax years, he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both, or was not required to file either a federal or state income tax return or both.
>
> (viii)  That all of the statements contained in it are true and correct.
>
> (b) The certificate shall be executed before a notary public or shall be witnessed by two persons who are registered to vote on the office the candidate seeks.

The purpose of the notice of candidacy is to provide sufficient information to show a candidate is qualified to run for the office he seeks. *Trosclair v. Joseph*, 14-675 (La. App. 5 Cir. 9/9/14), 150 So.3d 315, 317. Any doubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office. *Dixon v. Hughes*, 587 So.2d 679 (La. 1991).

In an election contest, the person objecting to the candidacy bears the burden of proving the candidate is disqualified. La. R.S. 18:492; *Russell v. Goldsby*, 00-2595 (La. 9/22/00), 780 So.2d 1048, 1051; *Trosclair*, 150 So.3d at 317. "The laws governing the conduct of elections must be liberally interpreted so as to promote rather than defeat candidacy." *Russell*, 780 So.2d at 1051. Although Louisiana law favors candidacy, once an objector makes a *prima facie* showing of grounds for disqualification under La. R.S. 18:492, the burden shifts to the defendant "to present sufficient evidence to overcome the other party's *prima facie* case." *Landiak v. Richmond*, 05-0758 (La. 3/24/05), 899 So.2d 535, 541-2.

*Standard of Review*

Appellate courts review findings of fact under the manifest error or clearly wrong standard. *North v. Doucet*, 18-437 (La. App. 5 Cir. 8/1/18), 253 So.3d 815, 818. Issues of law are reviewed simply for legal correctness. *Id*.

*Assignment of Error*

In a single assignment of error, Mr. Bussey argues the trial court committed reversible error in finding he failed to present sufficient evidence to rebut the plaintiff's *prima facie* case.

Mr. Bussey stipulated before trial that he failed to file federal and state taxes for 2019 but contends he was not required to file federal or state returns for 2019 because he did not meet the $12,200 threshold earnings that necessitate filing. Mr. Bussey offered at trial a copy of his 1040 for 2019 prepared by his accountant and showing Mr. Bussey's and the accountant's signatures, both dated July 2, 2020. That unfiled return lists Mr. Bussey's income as being below the amount he claims is the applicable threshold that necessitates the filing of a tax return for a person filing as "single."

Plaintiff's counsel objected to Mr. Bussey's testimony regarding his accountant's alleged representation as to the threshold for filing, which the trial court sustained. Mr. Bussey did not call his accountant to testify at trial, nor did he offer any affidavit or other evidence to corroborate his claimed exemption from filing a tax return for 2019. After the case was submitted, Mr. Bussey's counsel asked the court to take judicial notice of federal and state tax laws and produced a document allegedly prepared by the IRS listing the threshold amounts for filing a return.[1] Plaintiff's counsel objected to the introduction of this evidence after the case was closed, and the trial court sustained the objection.

---

[1] Mr. Bussey also has included this information in his brief to this court. Even if this court were to accept this additional evidence that the trial court refused to admit after trial had concluded, Mr. Bussey does not explain how, if he has been married and did not separate from his wife until

Mr. Bussey also failed to offer any corroborating evidence of his income in 2019, or lack thereof, other than his own self-serving testimony.

In response, plaintiff offered documentary evidence from Mr. Bussey's Facebook page and from a restaurant website indicating that Mr. Bussey served as the owner and/or managing partner of this restaurant in 2019. At trial, Mr. Bussey denied he was the owner or managing partner, claiming instead that he was a "consultant" and had "signed on the lease" and "helped them out with the books" and with the "day-to-day operation," all of which were unpaid activities. Plaintiff offered additional evidence that Mr. Bussey was a manager of Nola Auto Group and a member of 2KB's LLC, which Mr. Bussey stated were uncompensated positions. Mr. Bussey also testified that he is married but that he and his wife separated in September 2019.

The trial court is in the best position to evaluate the evidence and the testimony presented. Based upon our review of the record, we cannot say the trial court manifestly erred in determining Mr. Bussey failed to adequately rebut Ms. Nocito's *prima facie* case by establishing that he was not required to file federal and state tax returns for tax year 2019.

**DECREE**

We hereby affirm the trial court decision disqualifying the candidacy of Mr. Kendall Bussey, Sr., for the position of Constable in the November 3, 2020 election.

**AFFIRMED**

---

September 2019, he may be permitted to file as "single." The 2019 filing requirements to which Mr. Bussey points indicate that the threshold filing requirement for a taxpayer who is "married filing separately" is only $5.

ALLISON NOCITO

VERSUS

KENDALL BUSSEY, SR. AND JON
GEGENHEIMER, IN HIS OFFICIAL
CAPACITY AS CLERK OF COURT FOR
THE PARISH OF JEFFERSON, STATE
OF LOUISIANA

NO. 20-CA-243

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

## JOHNSON, J., DISSENTS WITH REASONS

I, respectfully, dissent from the majority opinion in this matter. Here, Petitioner, Allison Nocito, alleged in her "Verified Petition Objecting to the Candidacy of Kendall Bussey, Sr." that Defendant, Kendall Bussey, Sr., falsified his notice of candidacy by declaring he had filed the last five years (2015, 2016, 2017, 2018, and 2019) of federal and Louisiana income tax returns. She further alleged that, upon information and belief, Mr. Bussey was required to file the required state tax forms for the last five years, and his failure to do so was a ground for disqualification for candidacy for Constable of Second Justice Court in Jefferson.

On the "State of Louisiana – Notice of Candidacy (Qualifying Form)", which was accepted into evidence, Mr. Bussey certified that the following statement was true and correct:

> If I am a candidate for any office other than United States senator or representative in congress, that for each of the previous five tax years, I have filed my federal and state income tax returns, have filed for an extension of time for filing either my federal or state income tax return or both, or was not required to file either a federal or state income tax return or both.

In a sworn affidavit, Mr. Bussey attested that he was not employed or self-employed during the 2019 tax year.

Because election laws must be interpreted to give the electorate the widest possible choice of candidates, a person objecting to candidacy bears the burden of proving that the candidate is disqualified. *Landiak v. Richmond*, 05-758 (La. 3/24/05); 899 So.2d 535, 541. The party on which the burden of proof rests must establish a *prima facie* case. If that party fails to carry its burden of proof, the opposing party is not required to present any countervailing evidence. *Id*. at 542. A court determining whether the person objecting to candidacy has carried her burden of proof must liberally construe the laws governing the conduct of elections "so as to promote rather than defeat candidacy." Any doubt concerning the qualifications of a candidate should be resolved in favor of allowing the candidate to run for public office. *Id*. at 541.

In the case at bar, Mr. Bussey introduced federal and state tax returns that had been filed for 2015-2018 tax years, and he stipulated that he did not file any tax returns for the 2019 tax year. However, he consistently testified that he was not required to file federal or Louisiana tax returns for the 2019 tax year because he did not earn taxable income over the $12,200 threshold required for the filing of those tax returns. As stated in the majority opinion, Ms. Nocito offered exhibits that listed Mr. Bussey as a manager or owner of different businesses. For each of those businesses, Mr. Bussey testified that he was either uncompensated or those businesses did not generate any income.

While Ms. Nocito introduced many exhibits into evidence, she did not present any relevant evidence that proved Mr. Bussey received any taxable income and/or was required to file a federal or state income tax return for the 2019 tax year. La. R.S. 18:463 and the notice of candidacy requires that a candidate file the previous five federal and state income tax returns, file for an extension of time for filing either the federal or state income tax return or both, ***or was not required to file either a federal or state income tax return or both***. Thus, Ms. Nocito failed

to meet her *prima facie* burden to prove her ground for Mr. Bussey's disqualification from the Constable race; therefore, Mr. Bussey was not required to present any countervailing evidence. Consequently, I find that the trial judge and the majority in this matter improperly shifted the burden of proof to Mr. Bussey, and this legal error interdicts the fact-finding process and the deference given to the trial court's factual findings.

Assuming *arguendo* that Ms. Nocito presented a *prima facie* case that Mr. Bussey was required to file federal and state tax returns for the 2019 tax year, I would find that the trial court was manifestly erroneous in its disqualification of Mr. Bussey. In his testimony, Mr. Bussey attested that he did not meet the $12,200 threshold income requirement for filing federal and state taxes. His testimony was sufficient evidence to prove his income, particularly in the absence of evidence to the contrary.[2] The burden of proof shifted back to Ms. Nocito. Again, Ms. Nocito failed to present any relevant evidence to rebut Mr. Bussey's claims that his income for the 2019 tax year did not exceed $12,200, and he was not required to file a tax return for that year. The courts not charged with performing an audit of Mr. Bussey's tax returns or discovering the reason he failed to file a tax return. We are simply here to determine whether Mr. Bussey met the qualifications for candidacy to run for Constable. The relevant evidence presented in this matter established that Mr. Bussey met the requirements for candidacy.

For the foregoing reasons, I find that the trial court committed a legal error in shifting the burden of proof to Mr. Bussey and subsequently disqualifying him as a candidate. Accordingly, I would resolve the matter by reversing the trial court's judgment, dismissing Ms. Nocito's objection to Mr. Bussey's candidacy, and allowing Mr. Bussey to run for the office of Constable.

---

[2] To find that Mr. Bussey needed more evidence to prove that he did not have taxable income over $12,200 would be a strenuous standard. It would make a candidate attempt to prove a nonexistent situation or outcome.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **AUGUST 5, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 20-CA-243

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)
BRITTANY D. ROGERS (APPELLEE)     STEPHEN M. PETIT, JR. (APPELLEE)     JON S. MCGILL (APPELLANT)
CAREY B. DASTE (APPELLEE)

### MAILED
G. KARL BERNARD (APPELLANT)
ATTORNEY AT LAW
1615 POYDRAS STREET
SUITE 101
NEW ORLEANS, LA 70112