EDWARDS, JUDGE PRO TEMPORE, J.
This is an election suit contesting a candidate's qualification for candidacy for the Jefferson Parish School Board District 7.[1] For the reasons articulated below, we affirm.
*817 FACTUAL AND PROCEDURAL HISTORY
On July 18, 2018, Melinda Doucet, who is the incumbent, filed a signed and notarized Notice of Candidacy form, which included the following certification as required by La. R.S. 18:463(A)(2)(a)(iv) :
If I am a candidate for any office other than United States senator or representative in congress, that for each of the previous five tax years, I have filed my federal and state income tax returns, have filed for an extension of time for filing either my federal or state income tax return or both , or was not required to file either a federal or state income tax return or both. (Emphasis added).
On July 23, 2018, plaintiff, Billy Joseph North,[2] filed suit objecting to Ms. Doucet's candidacy,[3] asserting that Ms. Doucet had falsely certified in her Notice of Candidacy that she had filed her state income tax returns for three of the five previous years - 2013, 2016, and 2017 - and, therefore, must be disqualified as a candidate for office pursuant to La. R.S. 18:492 and La. R.S. 18:494(A).
At trial on July 26, 2018,[4] Mr. North introduced correspondence to and from the Louisiana Department of Revenue ("LDR"), which, in response to a public records request, stated that LDR had a tax return filed by Ms. Doucet for the year 2014, but could not confirm the filing of state tax returns by Ms. Doucet for the years 2013, 2015, 2016, or 2017. A representative of LDR verified this in testimony at trial. The representative confirmed he had performed a diligent search but could find no record of any income tax returns filed by Ms. Doucet in 2013, 2015, 2016 or 2017.
Ms. Doucet admitted at trial that she did not file state tax returns for the years 2015, 2016 and 2017. She stated that she filed for extensions for those years. However, on further questioning, Ms. Doucet admitted that the extensions for the years 2016 and 2017 were federal tax, not state tax extensions.
Ms. Doucet's tax attorney, John Ponsetti, testified that there was some confusion between Ms. Doucet and her daughter with the IRS that began with the 2013 tax returns. Mr. Ponsetti stated that he filed extensions for federal taxes in 2016 and 2017, but not for state taxes. Mr. Ponsetti verified documents showing an online request for an extension was filed with the state for the 2015 tax year, and requests for federal extensions for the years 2013, 2016 and 2017. However, he denied filing *818 for state extensions in 2013, 2016 or 2017. Mr. Ponsetti explained that under the old law, federal extensions automatically applied to state tax. However, that law changed "a few years ago." In conclusion, Mr. Ponsetti testified that, to his knowledge, Ms. Doucet did not file state income tax returns for 2015, 2016 and 2017.
At the close of the hearing, the trial judge found that there was no evidence to show that Ms. Doucet filed her state income tax returns for 2015, 2016 and 2017. The trial court found that Ms. Doucet did file for an extension for 2015. Ultimately, the trial court disqualified Ms. Doucet as a candidate. Ms. Doucet now appeals that ruling.
DISCUSSION
Standard of Review
Appellate courts review a trial court's findings of fact under the manifest error or clearly wrong standard. Nixon v. Hughes , 15-1036 (La. App. 4 Cir. 9/29/15), 176 So.3d 1135, 1137. "Regarding issues of law, the standard of review of an appellate court is simply whether the court's interpretative decision is legally correct." Id. "[I]f the decision of the trial court is based upon an erroneous application of law rather than on a valid exercise of discretion, the decision is not entitled to deference by the reviewing court." Id.
Election Law
The manner of qualifying for an election is set forth in La. R.S. 18:461(A)(1), which provides, in pertinent part, that "[a] person who desires to become a candidate in a primary election shall qualify as a candidate by timely filing notice of his candidacy, which shall be accompanied ... by the qualifying fee and any additional fee imposed." La. R.S. 18:463[5] provides, in pertinent part, that:
A.(1)(a) A notice of candidacy shall be in writing and shall state the candidate's name, the office he seeks, the address of his domicile, and the parish, ward, and precinct where he is registered to vote.
* * *
(2)(a) The notice of candidacy also shall include a certificate, signed by the candidate, certifying all of the following:
(i) That he has read the notice of his candidacy.
(ii) That he meets the qualifications of the office for which he is qualifying.
* * *
(iv) Except for a candidate for United States senator or representative in congress, that for each of the previous five tax years, he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both, or was not required to file either a federal or state income tax return or both.
* * *
(viii) That all of the statements contained in it are true and correct.
(b) The certificate shall be executed before a notary public or shall be witnessed by two persons who are registered to vote on the office the candidate seeks.
In brief to this Court, appellant has assigned three errors. In the first two, appellant argues the trial court erred in its interpretation of the language in La. R.S. 18:463A(2)(a)(iv). Appellant asserts a candidate would have the option under the law to show either that she filed both state and federal tax returns for five years, or that she has filed an extension of time to file either the federal or state tax returns. She contends that the filing of an extension of *819 time to file her federal tax returns meets the requirements of La. R.S. 18:463, even if no extension was filed with the state for that year. In the alternative, appellant argues that the language of La. R.S. 18:463 is ambiguous. We disagree with both arguments.
Legislation is a solemn expression of legislative will. La. C.C. art. 2. Hence, when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9. When the language of the law is susceptible of different meanings, however, it must be interpreted as having the meaning that best conforms to the purpose of the law, and the meaning of ambiguous words must be sought by examining the context in which they occur and the text of the law as a whole. La. C.C. arts. 10 and 12. Words must be given their generally prevailing meaning. La. C.C. art. 11. La. C.C.P. art. 5056[6] provides:
Unless the context clearly indicates otherwise:
(1) The word "and" indicates the conjunctive;
(2) The word "or" indicates the disjunctive; and
(3) When the article is phrased in the disjunctive, followed by the words "or both", both the conjunctive and disjunctive are intended.
The language in question states that, "he had filed his federal and state tax returns, has filed for an extension of time for filing either his federal or state income tax return or both." The first part of that sentence is clear in providing that a candidate must show that he has filed both his federal and state tax returns. The Internal Revenue Code requires that federal tax returns be filed by April 15th. Louisiana law requires that state tax returns be filed by May 15th. However, both federal and state law provide for an extension of time to file tax returns if requested. The second part of the sentence in the law acknowledges that fact and relates to the filing of extensions of time for filing tax returns. It provides that if a candidate has filed for an extension of time to file either the federal or state tax returns, or both, proof of that meets the requirements of the law.
While there is some confusion in the law, we do not find it rises to the level of ambiguity. Under the law, a candidate must show that she has filed both state and federal tax returns. If an extension is filed for either the federal or state taxes, proof of that can be sufficient to meet the requirements of the law. However, it will not relieve the candidate from the requirement that, if no extension is filed on either the state or the federal tax, the return must be filed timely. Either way, a candidate must file tax returns for both federal and state taxes, or for extensions on both. Filing for an extension on federal tax does not relieve a candidate, or any other taxpayer, from either filing a timely state tax return or a request for an extension with the state.
To construe the second part of the statute as appellant suggests would completely undermine and negate the first part of the statute. Although the statute is inartfully drafted, it is clear that the legislature intended that a candidate must show that she has filed both federal and state tax returns for the past five years. Filing for an extension of time for one does not relieve the potential candidate from the obligation to either file a timely return, or an extension to file the other.
In her final assignment of error, appellant argues that any doubt as to her *820 qualifications must be resolved in her favor. The purpose of the notice of candidacy is to provide sufficient information to show a candidate is qualified to run for the office he seeks. Trosclair v. Joseph , 14-675 (La. App. 5 Cir. 9/09/14), 150 So.3d 315, 317, writ not considered, 14-1909 (La. 9/12/14), 148 So.3d 572, and writ not considered, 14-1920 (La. 9/12/14), 148 So.3d 937. Any doubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office. Dixon v. Hughes , 587 So.2d 679 (La. 1991). The laws governing the conduct of elections must be liberally interpreted so as to promote rather than defeat candidacy. Id. In an election contest, the person objecting to the candidacy bears the burden of proving the candidate is disqualified. Trosclair, supra. Although Louisiana law favors candidacy, once an objector makes a prima facie showing of grounds for disqualification, the burden shifts to the defendant to rebut the showing. Landiak v. Richmond , 05-0758 (La. 3/24/05), 899 So.2d 535, 541-2.
La. R.S. 18:492 in pertinent part provides:
A. An action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based on one or more of the following grounds:
* * *
(7) The defendant falsely certified on his notice of candidacy that for each of the previous five tax years he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both as provided in R.S. 18:463(A)(2), or was not required to file either a federal or state income tax return or both.
The trial court found that, as of July 23, 2018, Ms. Doucet had not filed her Louisiana state individual income tax returns or extensions therefor for the years 2016 and 2017. The evidence supports that finding. The factual findings of the trial court are uncontested by the appellant and support the trial court's ruling. Accordingly, we find no merit in appellant's assignments of error.
Appellee filed an answer to the appeal in which he argues the trial court should have disqualified appellant for failure to file her 2013 and 2015 tax returns in addition to the 2016 and 2017 tax returns. Because we find the evidence sufficient to support the trial court's ruling in favor of appellee, we pretermit any discussion of this assignment of error.
Appellee further requests that this Court award attorney's fees and costs. Appellee has not alleged any legal basis for an award for attorney's fees. Therefore we deny that request.
DECREE
We hereby affirm the trial court decision to disqualify Melinda Doucet from candidacy for the Jefferson Parish School Board District 7 for falsely certifying the filing of these tax returns. Costs of this appeal are assessed to appellant.
AFFIRMED

Pursuant to La. R.S. 18:1409(F) of the Election Code, this Court has granted expedited consideration of this appeal:
Immediately upon receipt of the record the clerk of the court of appeal shall notify the parties and the case shall be heard no later than forty-eight hours after the record is lodged with the court of appeal. Judgment shall be rendered within twenty-four hours after the case is argued. The court of appeal shall indicate the date and time rendered on the judgment. The clerk of the court of appeal shall immediately notify all parties or their counsel of record by telephone and/or facsimile transmission of the judgment.

Billy Joseph North is an elector in Jefferson Parish and is, thus, permitted to object to the candidacy of a qualifier. See , La. R.S. 18:1401(A). Additionally, Mr. North filed his Notice of Candidacy for the office of Jefferson Parish School Board District 7 on July 19, 2018.

La. R.S. 18:492(A)(7) permits an action objecting to the candidacy of a person who qualified as a candidate in a primary election where "[t]he defendant falsely certified on his notice of candidacy that for each of the previous five years he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both as provided in R.S. 18:463(A)(2), or was not required to file either a federal or state income tax return or both."

La. R.S. 18:1409(A)(1) states: "Actions objecting to the calling of a special election, objecting to candidacy, contesting the certification of a recall petition, or contesting an election shall be tried summarily, without a jury, and in open court. The trial shall begin no later than 10:00 a.m. on the fourth day after suit was filed."

La. R.S. 18:463 has been amended by Acts 2018, No. 584, § 3, effective January 1, 2019.

Although this article specifically applied to codal articles, we find it instructive.