DIXIE RAMIREZ

VERSUS

KERRY WATKINS AND
ELIANA DEFRANCESCH,
IN HER CAPACITY AS CLERK OF COURT

NO. 23-CA-411

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 80,318, DIVISION "B"
HONORABLE NGHANA LEWIS, JUDGE PRESIDING


August 23, 2023

2:31 pm

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**


Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, Jude G. Gravois, Marc E. Johnson, and John J. Molaison, Jr.


**JUDGMENT REVERSED**
**CANDIDATE DISQUALIFIED**
    **SMC**
    **FHW**
    **JGG**
    **MEJ**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Assistant Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
DIXIE RAMIREZ
     Ike Spears
     Devin C. Jones

IN PROPER PERSON, DEFENDANT/APPELLEE, KERRY WATKINS
     Kerry Watkins

**CHEHARDY, C.J.**

In this election challenge case, plaintiff, Dixie Ramirez, appeals the trial court's judgment dismissing with prejudice her petition objecting to the qualifications of defendant, Kerry Watkins, for the District 7 council seat in St. John the Baptist Parish. For the reasons that follow, we reverse the trial court's judgment, sustain plaintiff's election challenge, and hold that Mr. Watkins is disqualified as a candidate for parish council in the upcoming St. John the Baptist Parish election.

BACKGROUND AND PROCEDURAL HISTORY

On August 10, 2023, Mr. Watkins filed his Notice of Candidacy for the October 16, 2023 election. Ms. Ramirez, a resident of and registered voter in St. John the Baptist Parish, subsequently propounded a public records request to the Louisiana Department of Revenue to obtain the information related to state income tax filings for Mr. Watkins for the years 2018 through 2022. The response that LDR provided indicated that it had no record of Mr. Watkins filing a state income tax return for 2018.

On August 17, 2023, Ms. Ramirez filed a timely Objection to Candidacy and Petition to Disqualify Candidate alleging that Mr. Watkins had falsely represented on his Notice of Candidacy that he had filed his federal and state tax returns for the past five years. *See* La. R.S. 18:492(A)(7).[1]

Mr. Watkins was served with the petition on the evening of August 17. The trial court heard the matter the next day. At trial, Ms. Ramirez called a representative of LDR as a witness, who testified that LDR had no record of Mr.

---

[1] La. R.S. 18:492(A) states that an action objecting to the candidacy of a person who qualified as a candidate in the primary election may be based on: "(7) The defendant falsely certified on his notice of candidacy that for each of the previous five tax years he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both as provided in R.S. 18:463(A)(2), or was not required to file either a federal or state income tax return or both."

Watkins filing his state income tax return for 2018. Ms. Ramirez also introduced LDR's written response into the record as evidence. Ms. Ramirez then called a representative from the human resources department for St. John the Baptist Parish, Mr. Watkins' employer, who certified that Mr. Watkins had earned taxable income in 2018, and subsequently introduced Mr. Watkins' 2018 W-2 into the record as evidence. Ms. Ramirez then called Mr. Watkins to the stand. He confirmed that he had earned taxable income for 2018 and testified that his tax preparer had filed his income tax returns for the 2018 tax year, that she had not had time to locate his records before trial, but that she could testify via telephone. He further stated that he had used the same preparer for filing his income tax returns since 2015. Mr. Watkins did not offer, file, or introduce any exhibits or other objective evidence to support his testimony, however.

After trial, the court dismissed Ms. Ramirez's objection to Mr. Watkins' candidacy with prejudice. The trial court's Judgment with Reasons stated that La. R.S. 18:463[2] does not require a candidate to certify that he has filed his state and federal tax returns for the past five years *and also* confirm receipt of his returns by the respective agencies. The trial court based its ruling on the general duty of Louisiana courts to adopt a construction of the statute that liberally construes election laws "to give the electorate the widest possible choice of candidates" and

---

[2] La. R.S. 18:463(A) provides, in relevant part:

> (2)(a) The Notice of Candidacy … shall include a certificate, signed by the candidate, certifying all of the following:
>
> (iv)     Except for a candidate for United States senator or representative in congress, that for each of the previous five tax years, he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax returns or both, or was not required to file either a federal or state income tax return or both.
> ***
> (ix)     That all of the statements contained in it are true and correct.

"to promote rather than to defeat candidacy." Ms. Ramirez now appeals that judgment.

DISCUSSION

In an election contest, the person objecting to the candidacy bears the burden of proving at trial that a candidate is disqualified by setting out a *prima facie* case. *Trosclair v. Joseph*, 14-675 (La. App. 5 Cir. 9/9/14), 150 So.3d 315, 317; *Lumar v. Lawson*, 20-251 (La. App. 5 Cir. 8/10/20), 301 So.3d 1243, 1249, *writ denied*, 20-994 (La. 8/13/20), 300 So.3d 868. Once the objector makes a *prima facie* showing that the grounds for disqualification exist, the burden shifts to the candidate to rebut that evidence. *Id.*

In this case, the trial court ruled that the plaintiff failed to carry the burden of proof necessary to establish a *prima facie* case. We review a trial court's findings of fact under the manifest error or clearly wrong standard. *North v. Doucet*, 18-437 (La. App. 5 Cir. 8/1/18), 253 So.3d 815, 818, *writ denied*, 18-1294 (La. 8/3/18), 249 So.3d 829. We review issues of law *de novo*. *National Credit Union Admin. Bd. v. Heard, McElroy & Vestal, L.L.C.*, 22-150 (La. App. 5 Cir. 12/7/22), 356 So.3d 473, 477, *writ denied*, 23-0021 (La. 3/7/23), 357 So.3d 350. When the trial court's decision is based on an erroneous application of law rather than on a valid exercise of discretion, the decision is not entitled to deference by the reviewing court. *Lumar*, 301 So.3d at 1249. The ruling in this case presents this Court with a legal error, and we therefore review this matter under the *de novo* standard of review.

In *Crosby v. Cantrelle*, 20-252 (La. App. 5 Cir. 8/10/20), 301 So.3d 1234, 1241, *writ denied*, 20-996 (La. 8/14/20), 300 So.3d 876, the plaintiff presented evidence from the LDR Director of Policy Services that four different public records requests concerning Mr. Cantrelle's state tax returns were received as of July 2020, and that the records search confirmed that candidate Cantrelle's tax

returns for 2017 and 2018 could not been found. This Court held that this information was sufficient to establish plaintiff's *prima facie* case.[3]

Similar to the plaintiff in *Crosby*, Ms. Ramirez called an LDR representative to testify that no record of Mr. Watkins' 2018 return could be found. Ms. Ramirez further offered evidence from his employer that Mr. Watkins had received taxable income for the 2018 tax year, thus foreclosing the argument that no taxes for that year were due. The burden then shifted to Mr. Watkins to rebut the evidence that plaintiff had produced. *Lumar*, 301 So.3d at 1249.

Mr. Watkins presented no objective evidence at the hearing, notwithstanding his testimony at trial that his tax return for 2018 was filed, and that his tax preparer could testify via telephone that she had prepared and filed the return. While we are not required to question Mr. Watkins' veracity, his self-serving testimony alone is insufficient to rebut plaintiff's objective evidence, namely, proof that he earned taxable income in 2018, and the testimony from an LDR representative and a copy of LDR's written response to the public records request, stating that LDR has no record of his 2018 income tax return.

In *Cranch v. Wicker*, 20-716 (La. App. 1 Cir. 8/13/20), 311 So.3d 384, 388-89, *writ denied*, 20-1015 (La. 8/21/20), 301 So.3d 31, the First Circuit agreed with the trial court that the plaintiffs had set forth a *prima facie* case that the candidate had falsely certified her notice of candidacy because she had not filed her tax returns for 2016 and 2018, but the court of appeal found that the trial court manifestly erred in determining that the candidate had successfully rebutted

---

[3] Unlike the facts of the case before us, however, in *Crosby* the challenged candidate offered evidence in the form of United States Post Office certified mail receipts, as well as testimony from his wife stating that she physically mailed the returns and tracked their delivery after they entered the postal system, to prove that he had mailed his returns before signing the Notice of Candidacy. This Court confirmed that Cantrelle was entitled to rely upon the "postmark" rule found in La. Admin. Code tit. 61, pt. 1, § 4911, and held that Cantrelle had proved that his 2017 and 2018 tax returns were filed on the date that they were mailed by certified mail. *Id*. As such, he did not falsely certify his Notice of Candidacy.

plaintiffs' *prima facie* showing, given the lack of any objective evidence or testimony as to when the candidate's 2018 tax return was delivered to LDR. "Without knowing whether her tax preparer had in fact delivered her 2018 tax return to the LDR by July 22, 2020, or otherwise ensuring its delivery, Wicker 'could not have known' whether or not all of her tax returns for the previous five years had been filed at the time she signed her Notice of Candidacy." *Id*. at 388-89. As such, plaintiffs' challenge was sustained and the candidate disqualified.

Similarly, in *Lumar*, *supra*, this Court determined that the challenged candidate must show "reliable circumstances of mailing that would tend to ensure delivery" (*e.g.*, by certified mail) to maintain a justifiable belief that the candidate's returns were filed as of the date of her certification in the Notice of Candidacy. *Lumar*, 301 So.3d at 1256. *See also Russo v. Burns*, 14-1963 (La. 9/24/14), 147 So.3d 1111, 1114 ("Without sending the returns via certified mail or otherwise ensuring their delivery to LDR, Burns could not have known whether or not his tax returns had been filed pursuant to Louisiana regulation when he signed his Notice of Candidacy. We find Russo presented a *prima facie* case, which has not been rebutted by Burns").

Here, the trial court committed legal error in finding that plaintiff had not met her *prima facie* burden of proof, as it is clear from the jurisprudence that the evidence presented at the hearing satisfies that legal standard. "[O]nce a plaintiff makes a *prima facie* case for disqualification and the burden of proof shifts to the challenged candidate, the challenged candidate cannot carry his burden by simply professing a purely subjective, self-serving and unsupported 'belief' that his returns have been filed." *Crosby*, 301 So.3d at 1243. The candidate "must produce objective supporting evidence regarding the circumstances of mailing (*e.g.* proof of mailing by certified mail) to render his belief regarding filing a *reasonable* belief." *Id*. (emphasis in original).

Mr. Watkins failed to produce any tangible, objective evidence to defeat the presumption established by Ms. Ramirez, and his self-serving testimony alone, in light of the holdings in *Crosby* and *Russo*, is insufficient to rebut that presumption. As such, we are constrained to hold that Mr. Watkins falsely certified that he filed his tax returns for each of the last five years when he signed his Notice of Candidacy, a result that necessitates his disqualification as a candidate.

## CONCLUSION

The trial court's judgment, which dismissed with prejudice Ms. Ramirez's election challenge, is reversed. The objection to Mr. Watkins' candidacy is sustained, and Mr. Watkins is disqualified as a candidate in the District 7 Council race in St. John the Baptist Parish.

**JUDGMENT REVERSED**
**CANDIDATE DISQUALIFIED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**AUGUST 23, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-411

**E-NOTIFIED**
40TH DISTRICT COURT (CLERK)
HONORABLE NGHANA LEWIS (DISTRICT JUDGE)
DEVIN C. JONES (APPELLANT)          IKE SPEARS (APPELLANT)

**MAILED**
KERRY WATKINS  (APPELLEE)          LEANDRE M. MILLET (APPELLEE)
137 OXBOW DRIVE                    ASSISTANT DISTRICT ATTORNEY
LAPLACE, LA 70068                  FORTIETH JUDICIAL DISTRIST
                                   PARISH OF ST. JOHN THE BAPTIST
                                   POST OFFICE BOX 399
                                   1342 HIGHWAY 44 RIVER ROAD
                                   RESERVE, LA 70084