EDWARD HOTARD

VERSUS

CHARLES C. JULIEN AND
ELIANA DEFRANCESCH,
IN HER CAPACITY AS CLERK OF COURT

NO. 23-CA-410

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 80,281, DIVISION "C"
HONORABLE J. STERLING SNOWDY, JUDGE PRESIDING

August 24, 2023

9:36 am

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, Marc E. Johnson, Stephen J. Windhorst, and Scott U. Schlegel

<u>**AFFIRMED**</u>
    **MEJ**
    **SMC**
    **SJW**

<u>**CONCURS WITH REASONS**</u>
    **FHW**

<u>**CONCURS WITH REASONS ASSIGNED BY JUDGE WICKER**</u>
    **SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Assistant Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
EDWARD HOTARD
    Ike Spears
    Devin C. Jones

COUNSEL FOR DEFENDANT/APPELLANT,
CHARLES C. JULIEN
    Travis J. Turner
    Keyojuan G. Turner
    Alvin J. Turner, Jr.

**JOHNSON, J.**

Appellant, Charles C. Julien, seeks review of the 40th Judicial District Court's August 18, 2023 judgment disqualifying Appellant as a candidate for the office of St. John the Baptist Parish President in the October 14, 2023 primary election. For the following reasons, we affirm the district court's judgment.

## *FACTS AND PROCEDURAL HISTORY*

On August 8, 2023, Appellant, Charles C. Julien, filed a sworn Notice of Candidacy with the St. John the Baptist Clerk of Court announcing his intent to run for the office of Parish President. Before a notary and two witnesses that same day, Appellant declared that "If I am a candidate for any office other than United States senator or representative in congress, that for each of the previous five tax years, I have filed my federal and state income tax returns, have filed for an extension of time for filing either my federal or state income tax return or both, or was not required to file either a federal or state income tax return or both."

Plaintiff, Edward Hotard, a registered voter and qualified elector domiciled in St. John the Baptist Parish, filed an Objection to Candidacy and Petition to Disqualify Candidate pursuant to La. R.S. 18:492(A)(7). Mr. Hotard alleged that Mr. Julien failed to file federal and state tax returns for all of the previous five calendar years as required by La. R.S. 18:463(A)(2)(a)(iv). Attached to the petition were the following exhibits: a certified copy of Mr. Julien's Notice of Candidacy; Letters from the Louisiana Department of Revenue dated August 4, 2023 and August 11, 2023 stating that neither Mr. Julien, nor his wife with whom he files taxes jointly, filed state tax returns for the year 2019; and Mr. Julien's W-2 forms he received as member of the St. John the Baptist Parish School Board for the past

five calendar years, which showed that he earned in excess of $40,000 in taxable wages in 2018, 2019, 2020, 2021, and 2022.[1]

The district court heard the matter on August 18, 2023. At the end of the hearing, the district court sustained Mr. Hotard's objection to Mr. Julien's candidacy, granted his petition, and disqualified Mr. Julien as a candidate for Parish President. Mr. Julien timely filed a notice of appeal to contest the district court's judgment.

## ASSIGNMENTS OF ERROR

Mr. Julien urges that the district court committed error when it found that Mr. Hotard made a *prima facie* showing that he failed to file a state income tax return in 2019. He also alleges that the district court erred in denying his request for a recess during trial so he could make arrangements for his tax preparer, who was out of state and otherwise unavailable to testify as to the contents of the affidavit she provided, to testify *via* ZOOM.

## LAW AND DISCUSSION

The purpose of the notice of candidacy is to provide sufficient information to show a candidate is qualified to run for the office he seeks. *Brehm v. Shaddinger*, 21-59 (La. App. 5 Cir. 2/10/21), 315 So.3d 363, 368, *writ denied,* 21-240 (La. 2/25/21), 311 So.3d 350. "A person who desires to become a candidate in a primary election shall qualify as a candidate by timely filing notice of his candidacy[.]" La. R.S. 18:461(A)(1). In signing the notice, the prospective candidate certifies that he has read the notice, that he possesses the required qualifications for the office he seeks, and that all of the statements contained in the

---

[1] La. R.S. 47:101(A)(1) states, "All individuals required to file a federal individual tax return shall be required to file an individual income tax return." In 2019, married taxpayers filing jointly were required to file a federal return if their gross income was at least $24,000 if both spouses were under the age of sixty file. *See* Tax Guide 2019, I.R.S. Pub. No. 17, Cat. No. 10331G (July 17, 2020) https://www.irs.gov/pub/irs-prior/p17--2019.pdf (last visited August 23, 2023).

notice are "true and correct". La. R.S. 18:463(A)(2)(a). Any doubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office. *Brehm v. Shaddinger*, *supra*.

To further the policy of providing the electorate with the widest possible choice of candidates, a person challenging candidacy has the burden of proving that the candidate is disqualified. *Lumar v. Lawson*, 20-251 (La. App. 5 Cir. 8/10/20), 301 So.3d 1243, 1249, *writ denied,* 20-994 (La. 8/13/20), 300 So.3d 868, *citing Landiak v. Richmond,* 05-0758 (La. 3/24/05), 899 So.2d 535, 541. One of the grounds upon which an action objecting to candidacy in a primary election shall be based is if the person running for office has made a false certification on a notice of candidacy that, for each of the previous five tax years, he has filed his federal and state income tax returns, or filed for an extension of time to file those tax returns, as provided by R.S. 18:463(A)(2), or was not required to file either federal or state income tax returns or both. La. R.S. 18:492(A)(7). Once an objector makes a *prima facie* showing that the grounds for disqualification exist, the burden shifts to the candidate to rebut the showing. *Lumar*, *supra*.

Appellate courts review findings of fact under the manifest error or clearly wrong standard. *Brehm*, *supra*, *citing North v. Doucet*, 18-437 (La. App. 5 Cir. 8/1/18), 253 So.3d 815, 818. Issues of law are reviewed simply for legal correctness. *Id.*

Upon review of the record, we find that Mr. Hotard made a *prima facie* showing that grounds for the disqualification of Mr. Julien as a candidate for the office of St. John the Baptist Parish President existed, pursuant to La. R.S. 18:492(A)(7).

At trial on August 18, 2023, Mr. Hotard called Ms. Brandea Averett, Director of Policy for Louisiana Department of Revenue ("LDR"), and Mr. Julien as witnesses. Ms. Averett testified that, in response to plaintiff's public records

requests, LDR found that neither Mr. Julien, nor his wife, filed state income tax returns for 2019. The letters that LDR sent in response to the public records requests stating the same were admitted into evidence. Mr. Julien's notice of candidacy form was also offered into evidence with no objection. The evidence provided by Mr. Hotard was sufficient to establish a *prima facie* case for disqualification. *See Crosby v. Cantrelle*, 20-252 (La. App. 5 Cir. 8/10/20), 301 So.3d 1234, 1241, *writ denied,* 20-996 (La. 8/14/20), 300 So.3d 876.

At trial, Mr. Julien's counsel objected to that ruling and argued that "the plain language of Louisiana revised statute 18:492 does not purpose to disqualify a candidate for actual failure to file the required tax return or for the failure to file them regularly and in a timely manner, but rather provides for disqualification for the false certification in the notice of candidacy that the required tax returns have been filed", citing *Braggs v. Dickerson*, 22-361 (La. App. 5 Cir. 8/9/22), 349 So.3d 56, *writ granted, decision rev'd*, 22-1227 (La. 8/13/22), 344 So.3d 63. But,

> once a plaintiff makes a *prima facie* case for disqualification and the burden of proof shifts to the challenged candidate, the challenged candidate cannot carry his burden by simply professing a purely subjective, self-serving and unsupported "belief" that his returns have been filed. To the contrary, the challenged candidate must produce objective supporting evidence regarding the circumstances of mailing (e.g., proof of mailing by certified mail) to render his belief regarding filing a *reasonable* belief.

*Crosby v. Cantrelle*, *supra* at 1242-43. [Emphasis in original.]

Having found that Mr. Hotard made a *prima facie* showing of grounds for disqualification, we now consider the burden of proof that shifted to Mr. Julien. *See id.* at 1243. Mr. Julien admitted during his testimony that he did not bring any direct proof that he had mailed or filed his 2019 state tax return with him to court. Mr. Julien attested to the fact that he filed his state and federal taxes every year and that he always received refunds, but also stated that he did not have proof of receipt of a tax refund in 2019. Mr. Julien insisted that his attestation that he "never

missed a day of filing my taxes" in fifteen years was proof that he filed a state income tax return for 2019. Mr. Julien's W-2 forms for the years 2018, 2019, 2020, 2021, and 2022 were admitted into the record. Mr. Julien did not present any evidence that suggested that he was not required to file a tax return in 2019, or that he had requested an extension. Transcripts of Mr. Julien's federal tax returns for the previous five years were admitted into evidence.

Mr. Julien further testified that he had no reason to doubt that he had filed his state taxes for the previous five years. He offered as evidence the affidavit[2] of Kim Y. Tatum, his tax preparer. The trial judge sustained Mr. Hotard's objection to the affidavit as inadmissible hearsay. The district court allowed Mr. Julien to proffer the affidavit, after ruling against his request for a brief recess to make arrangements for the tax preparer, who was in North Carolina the week of trial, to testify *via* ZOOM. In her affidavit, Ms. Tatum attested that she prepared Mr. Julien's 2019 state tax return on November 13, 2020 and sent the return to the Department of Revenue *via* first class mail. However,

> [this Court's] interpretation of [State jurisprudence] is that the challenged candidate is not required to prove actual delivery to the LDR, but that the challenged candidate must show reliable circumstances of mailing (*e.g.*, by certified mail), that would tend to ensure delivery, to maintain a justified reasonable belief that her returns have been filed as of the date of her certification.

*Lumar v. Lawson*, 301 So.3d at 1256, *citing Russo v. Burns*, 14-1963 (La. 9/24/14), 147 So.3d 1111; *See also Braggs*, 344 So.3d 63. Further, in *Braggs*, the Supreme

---

[2] The proffered Affidavit of Tax Preparer, signed on August 17, 2023 before a notary, reads as follows:

I hereby verify through this letter and attest to l the preparation and filing of the year 2019 tax return for Charles C. Julien. I personally prepared federal and state tax returns on November 13, 2020, and remitted the federal returns electronically. The Louisiana state tax return was placed in the U.S. mail on November 13th 2020, and sent via first class mail.

I have prepared Mr. Julien's taxes in this fashion for the past seven years, and have never had an issue with the receipt of the documents. If any additional information is required, please contact me [. . . ].

If the return was not filed in the State of Louisiana for the tax year of 2019, it is a mere oversight on my part. I take full responsibility for the fact that the return was not received by the State of Louisiana. At all times Charles C. Julien believed that all of his returns were filed and submitted timely by me.

I hereby swear under oath that that [sic] the above and forgoing [sic] statement is true and accurate.

Court found that "nothing in the record evidences the Department of Revenue's actual receipt of the returns." *Id.* Similar to the instant case, the tax preparers in *Braggs*, *Russo*, and *Lumar* did not send the candidates' tax returns by certified mail.

Mr. Julien's case is distinguishable from those cases in that he stated that he believed that all of his tax returns had been filed timely, well in advance of his notice of candidacy, and only one state tax return was at issue in his case. Unfortunately, his attempts to prove that he did in fact file his 2019 state tax return through establishing a pattern of timely or regularly filing his taxes were not sufficient. Although not dispositive of the issue, his federal tax return transcripts showed that he did not claim any state tax income refunds as income for any of the tax years at issue. Mr. Julien stated that he contacted the Department of Revenue about his records, but they were unable to respond before trial. In his brief, Mr. Julien argued that there were approximately six days between LDR's response to Mr. Hotard's public records request and the filing of Mr. Julien's Notice of Candidacy. That fact does not affect Mr. Hotard's *prima facie* case or the shifting on the burden to Mr. Julien. Mr. Julien claims that the relevant tax return was filed at the end of 2020, not days before the election. More importantly, although actual delivery of the return to the LDR has evidentiary value, "it is not essential to, and its unavailability at the time of trial is not dispositive of, the question of whether the candidate's prior certification was truthful." *Crosby*, 301 So.3d at 1242. Also, Mr. Julien did not produce any financial records that showed he received a refund from, or paid taxes to, the state for the tax year in question, or even paid for delivery of the state tax return *via* certified mail. Further, the affidavit submitted by his tax preparer stated that she sent the tax return *via* first class mail. Upon review of the proffered evidence, we find Ms. Tatum's affidavit did not provide information that would be sufficient to rebut Mr. Hotard's *prima facie* showing

that Mr. Julien's 2019 state tax return had not been filed. Also, the affidavit did not suggest that the tax preparer would be able to provide additional relevant evidence sufficient to rebut Mr. Hotard's *prima facie* case that Mr. Julien's 2019 tax return was not filed and disqualification was proper.

Further, we cannot say that the district court abused its discretion in denying Mr. Julien's request to recess trial in order to arrange for the tax preparer's testimony to be taken *via* Zoom.

> [La.] C.C.P. art. 1632 further provides that the order of trial may be varied by the court when justified by the circumstances. The trial court has great discretion in controlling the presentation of evidence. The decision to hold open or reopen a case for production of additional evidence rests within the discretion of the trial judge.

*Kim v. Kim*, 07-318 (La. App. 5 Cir. 10/30/07), 970 So.2d 1158, 1163 (citation omitted). Also, La. C.C.P. art. 1633.1 provides that orders authorizing live testimony of a witness may be entered at pretrial conference, or on motion set for hearing at least ten days prior to trial, which we acknowledge would have been impossible in this case. Mr. Julien received notice of the hearing three days earlier and the court hearing began at 10:00 a.m. According to the trial transcript, Mr. Julien did not advise the court before the hearing that he may need to take testimony *via* videoconferencing when asked by court personnel before the trial began. Last, there is no local rule that specifically provides for testimony *via* videoconference. *See* Uniform Rules of Court, District Court Rules 3.5 and Appendix 3.5.

To sum, we find that Mr. Julien did not present any objective evidence to prove that the method by which he and his tax preparer attempted to file his 2019 state tax return reliably ensured delivery of that tax return to the LDR sufficient to rebut Mr. Hotard's *prima facie* showing that Mr. Julien did not file a 2019 state tax return and should, therefore, be disqualified. Accordingly, we find that Mr. Julien falsely certified that he filed his state and federal tax returns for the last five years

upon signing his Notice of Candidacy and his disqualification as a candidate pursuant to La. R.S. 18:492(A)(7) and La. R.S. 18:494 was proper.

## *DECREE*

Considering the foregoing, the August 18, 2023 judgment of the district court sustaining the objection to Mr. Julien's candidacy and disqualifying him as a candidate for St. John the Baptist Parish President in the October 14, 2023 primary election is affirmed. Costs of the appeal are assessed against Appellant, Charles C. Julien.

**<u>AFFIRMED</u>**

EDWARD HOTARD

VERSUS

CHARLES C. JULIEN AND ELIANA
DEFRANCESCH, IN HER CAPACITY
AS CLERK OF COURT

NO. 23-CA-410

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

**WICKER, J., CONCURS WITH REASONS**

While I agree with the majority's decision to affirm the trial court's judgment sustaining the objection to Mr. Julien's candidacy, I write separately to emphasize the Louisiana Supreme Court's recent holding in *Braggs v. Dickerson*, 22-1227 (La. 8/13/22), 344 So.3d 63, which instructed that "[t]ax returns that have not been delivered to the Louisiana Department of Revenue have not been filed." 22-01227 (La. 8/13/22), 344 So.3d 63, citing *Russo v. Burns*, 14-1963 (La. 9/24/14), 147 So.3d 1111, 1114. The *Braggs* decision instructs that proof of actual delivery of a mailed tax return to the LDR is required to prove that the individual's taxes have been "filed" as contemplated under La. R.S. 18:463. Specifically, the Louisiana Supreme Court held that a tax preparer's testimony that state income tax documentation had been mailed— without evidence of LDR's receipt of said documentation—is not sufficient to prove that the individual's taxes have been "filed" as contemplated under La. R.S. 18:463. *Id.*

I disagree with the majority opinion insofar as it approvingly cites to certain portions of this Court's prior decisions in *Lumar v. Lawson*, 301 So.3d 1243 (La. App. 5 Cir. 8/10/20), 301 So.3d 1243, 1256, *writ denied*, 20-994 (La. 8/13/20), 300 So.3d 868, and *Crosby v. Cantrelle*, 20-252 (La. App. 5 Cir/. 8/10/20), 301 So.3d 1234, 1241, *writ denied*, 20-996 (La. 8/14/20), 300 So.3d 876, for the proposition that evidence demonstrating "reliable circumstances of mailing"—rather than evidence demonstrating actual receipt of a tax return—may be sufficient to prove

that a mailed tax return has been "filed" as contemplated under La. R.S. 18:463. Specifically, the majority cites to *Crosby, supra*, in support of its finding that "although actual delivery of the return to the LDR has evidentiary value, 'it is not essential to, and its unavailability at the time of trial is not dispositive of, the question of whether the candidate's prior certification was truthful.'"

However, the Louisiana Supreme Court's recent holding in *Braggs* stands for the proposition that actual delivery of the return to the LDR is, in fact, essential for a candidate to meet his or her burden to rebut the *prima facie* case presented in an election challenge case. The Court found that, "[w]ithout ensuring their delivery, [the candidate] could not have known whether or not his tax returns were filed when he signed his Notice of Candidacy." *Braggs, supra.*[3] The *Braggs* case places the burden on the qualifying candidate to confirm delivery to the LDR (*e.g.*, actual proof of receipt by the LDR) prior to completing the Notice of Candidacy form. Therefore, in light of the recent binding decision in *Braggs*, I disagree with the majority opinion insofar as it could be interpreted to conclude that evidence of actual delivery of a mailed tax return to the LDR is not essential to rebut the plaintiff's *prima facie* case in an election challenge matter.

---

[3] Since the *Braggs* decision, the Louisiana Supreme Court has further reiterated that, "[t]his court's rulings in *Braggs* and *Russo* involved filing of tax returns by mail, which is separately governed by La. Admin. Code Title 61, pt. I, § 4911(B)(1). As Braggs and Russo indicate, filing by mail requires its own specific form of proof of transmittal, generally limited to confirmation from the post office that the tax returns were delivered." *Clark v. Bridges*, 23-00237 (La. 2/22/23), 356 So.3d 990, 885-6.

EDWARD HOTARD

VERSUS

CHARLES C. JULIEN AND ELIANA
DEFRANCESCH, IN HER CAPACITY
AS CLERK OF COURT

NO. 23-CA-410

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

**SCHLEGEL, J., CONCURS FOR THE REASONS ASSIGNED BY JUDGE WICKER**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **AUGUST 24, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-410

**E-NOTIFIED**
40TH DISTRICT COURT (CLERK)
HONORABLE J. STERLING SNOWDY (DISTRICT JUDGE)
DEVIN C. JONES (APPELLEE)          IKE SPEARS (APPELLEE)          TRAVIS J. TURNER (APPELLANT)

**MAILED**
ALVIN J. TURNER, JR. (APPELLANT)          LEANDRE M. MILLET (APPELLEE)
KEYOJUAN G. TURNER (APPELLANT)          ASSISTANT DISTRICT ATTORNEY
ATTORNEYS AT LAW                          FORTIETH JUDICIAL DISTRIST
413 WEST MAIN STREET                      PARISH OF ST. JOHN THE BAPTIST
GONZALES, LA 70737                        POST OFFICE BOX 399
                                          1342 HIGHWAY 44 RIVER ROAD
                                          RESERVE, LA 70084