KAREN DICKERSON

VERSUS

DERRICK SHEPHERD AND JON
GEGENHEIMER, IN HIS OFFICIAL
CAPACITY AS CLERK OF COURT FOR THE
PARISH OF JEFFERSON, STATE OF
LOUISIANA

NO. 23-CA-415

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 844-760, DIVISION "O"
HONORABLE DANYELLE M. TAYLOR, JUDGE PRESIDING

August 28, 2023

8:52 pm

**FREDERICKA HOMBERG WICKER**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, Stephen J. Windhorst, John J. Molaison, Jr., and Scott U.
Schlegel

**REVERSED**
 **FHW**
 **SMC**
 **JJM**
 **SUS**

**WINDHORST, J., CONCURS WITH REASONS**
 **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Assistant Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
KAREN DICKERSON
 Stephen M. Petit, Jr.
 Brittany D. Rogers

COUNSEL FOR DEFENDANT/APPELLANT,
DERRICK SHEPHERD
 G. Karl Bernard

**WICKER, J.**

In this election challenge litigation, defendant, Derrick Shepherd, seeks review of the trial court's judgment sustaining plaintiff's objection to Mr. Shepherd's candidacy, and disqualifying Mr. Shepherd as a candidate for the office of Jefferson Parish Council, District 3. For the following reasons, we reverse the trial court judgment.

## FACTUAL AND PROCEDURAL HISTORY

On August 8, 2023, Mr. Shepherd filed a notarized "Notice of Candidacy" for the office of Jefferson Parish Council member, District 3. On August 17, 2023, plaintiff, Karen Dickerson, filed a "Verified Petition Objecting to the Candidacy of Derrick Shepherd," contending that Mr. Shepherd was not qualified as a candidate because he is domiciled and has his primary residence at 14 Villa Cove Drive in Harrison County, Mississippi. Mrs. Dickerson asserted that Mr. Shepherd failed to provide his correct domiciliary address in his Notice of Candidacy in violation of La. Const., Art. III, Sec. 4 and that he was not domiciled and did not reside in the proper district in violation of Section 2.03(A)(1) of the Jefferson Parish Home Rule Charter.

The matter proceeded to trial on August 21, 2023. At trial, Mr. Shepherd testified that he maintains his domicile at #2 Blueberry Court in Marrero, Louisiana. Mr. Shepherd testified that he does not own the Blueberry Court home but that he purchased the home for the benefit of his mother. He initially testified that he gave his mother "cash" to purchase the property in 2007 or 2008. Upon further questioning, during which he was shown documentation reflecting that his mother and her late husband purchased the property in 1999, Mr. Shepherd clarified that after his mother's husband's death, he gave his mother the money that she needed in order to retain the home outright.

Mr. Shepherd testified that, upon his release from federal custody in 2012, he transferred his domicile from 1113 Garden Road, Marrero, Louisiana to #2 Blueberry Court in Marrero. At trial, Mr. Shepherd introduced a "Declaration of Change of Domicile," filed in the Jefferson Parish Conveyance records on August 22, 2013, and reflecting Mr. Shepherd's intent to change his domicile to #2 Blueberry Ct. in Marrero.

Mr. Shepherd testified that he works as a general contractor and that he is an elected member of the Jefferson Parish School Board. He testified that he has an office located at 2009 Ames Blvd. in Jefferson Parish with sleeping quarters, and that he does sleep at his office on occasion. He testified that, between his August 8, 2023 date of qualification for Jefferson Parish Council and the date of trial, he has slept in various locations in Marrero, Westwego, Waggaman, and Algiers; he testified that his sleeping arrangements vary based on whether he gets "lucky" or is "invited" to sleep elsewhere. He testified, however, that on an "everyday basis" he resides at either #2 Blueberry Ct., in which he utilizes the master bedroom, or 1037 Comardelle, which was his father's residence until his father's death in 2020 from Covid.

Mr. Shepherd testified that he receives mail at Blueberry Ct., including a Discover credit card bill[1], voter registration documentation, all IRS or tax documentation, and VA medical documentation. He did not produce any utility bills from Blueberry Ct., but testified that he receives utility bills at both 1037 Comardelle in Marrero and at 14 Villa Cove in Mississippi.

Mr. Shepherd testified that he has executed multiple "Notices of Candidacy" forms and that each time he has qualified for public office since 2013, he has recorded his address as #2 Blueberry Ct. When questioned by plaintiff's counsel

---

[1] The Discover credit card documentation was not introduced into evidence; however, the transcript reflects that plaintiff's counsel was provided a copy of a monthly statement at trial and acknowledged, "And it does have Blueberry Court on there I appreciate that."

concerning a Louisiana elected official's financial disclosure form executed in 2019, Mr. Shepherd acknowledged that he omitted his Mississippi property on the disclosure. He further admitted that on a 2015 disclosure form, he failed to list Orleans parish investment property that he owned at that time.

Mr. Shepherd testified that he owns 57 properties located in Louisiana, Texas, and Mississippi. He further explained that he owns two properties in Mississippi. He purchased the property at 14 Villa Cove in Harrison County, Mississippi in 2017 through a VA loan. The VA loan documentation, introduced into evidence and discussed below, provides that Mr. Shepherd "shall occupy, establish, and use the [Mississippi] property as [his] principal residence within 60 days…and shall continue to occupy the Property as [his] principal residence for at least one year after the date of occupancy…." Mrs. Dickerson introduced into evidence the 2017 VA loan documentation as well as the 2021 loan documentation related to a refinance of 14 Villa Cove. Mr. Shepherd did not deny refinancing the property in 2021, but denied that the 2021 documentation he was shown reflected his signature.

Concerning the Villa Cove property, Mr. Shepherd testified that the property is an "investment property" and that he visits the property on the weekends or allows people to stay there to fish and pass the time.[2] When questioned whether he complied with the occupancy requirements for the loan documentation, which required him to make 14 Villa Cove in Mississippi his "principal residence" for at least one year, he testified "yes…to my knowledge I did." However, when questioned again if he had ever made 14 Villa Cove his primary residence, he testified "No, I didn't move to Mississippi to make it my primary residence."

---

[2]Mr. Shepherd testified that he does not claim a homestead exemption on any property in any state.

On August 21, 2023, the trial court issued a judgment sustaining Mrs. Dickerson's objection and disqualifying Mr. Shepherd as a candidate for election to the Jefferson Parish Council.

## DISCUSSION

In an election contest, the person objecting to candidacy bears the burden of proving at trial that a candidate is disqualified. *Russell v. Goldsby*, 00-2595 (La. 9/22/00), 780 So. 2d 1048, 1051. The person objecting to candidacy must meet his or her initial burden by setting out a *prima facie* case. *Trosclair v. Joseph*, 14-675 (La. App. 5 Cir. 9/9/14), 150 So.3d 315, 317. Once the objector makes a *prima facie* showing that the grounds for disqualification exist, the burden shifts to the candidate to rebut that evidence. *Id.*

The Louisiana Election Code, La. R.S. 18:451 requires a candidate to meet the qualifications for the office sought at the time of qualification for that office. Section 2.03(A)(1) of the Jefferson Parish Home Rule Charter sets forth that "a Council member shall be a qualified elector of the parish and shall have been legally domiciled and have actually resided in the parish for at least one year immediately preceding the time of qualifying for office in an area which, at the time of qualification, is within the district."

Accordingly, to be eligible to run for Jefferson Parish Council, Mr. Shepherd must have been a qualified elector of the parish who is legally domiciled in the Parish and a resident who has actually resided in the district in which he intends to run for at least one year prior to qualifying. *Hammett v. Knight*, 99-1048 (La. App. 5 Cir. 9/24/99), 744 So.2d 202, 204, *writ denied*, 99-2794 (La. 9/28/99), 747 So.2d 1130.

The terms "residence" and "domicile" are legal terms that are not synonymous. *Landiak v. Richmond,* 05-0758 (La. 3/24/05), 899 So.2d 535, 542. Domicile is an issue of fact that must be determined on a case-by-case basis. *Id.*

La. C.C. art. 38 provides generally that "[t]he domicile of a natural person is the place of his habitual residence." A change in domicile for purposes of qualifying for public office occurs when there is a change in actual residence accompanied by the intention to make the new residence the candidate's new establishment or home. *Pattan v. Fields,* 95–1936 (La. App. 1 Cir. 9/26/95), 669 So.2d 1233. Absent a declaration to change domicile, proof of this intention depends upon circumstances; there is a presumption against change of domicile. *Hammett v. Knight*, 744 So.2d at 205.

The most oft-cited difference between the two concepts of domicile and residence is that a person can have several residences, but only one domicile. *Landiak,* 899 So.2d at 542; see also La. C.C. art. 39. The Louisiana Supreme Court has instructed that the term "actually" residing inquires whether plaintiff established that the alleged residence within the candidate's district is a fictitious residence rather than a real residence. *Russell v. Goldsby*, 780 So.2d at 1052. The Louisiana Supreme Court has held that, "[c]ourts must be cognizant of the realities of modern life, in which the demands of a career and other factors often require people to spend a large amount of time at different locations." *Id.*

The laws governing the conduct of elections must be liberally interpreted so as to promote rather than defeat candidacy. *Id.* Any doubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office. *Dixon v. Hughes,* 587 So.2d 679 (La. 1991).

Upon a thorough review of the record on appeal, we find there is a factual basis upon which the trial judge could have found that Mrs. Dickerson met her burden to prove a *prima facie* case to disqualify Mr. Shepherd. We further find, given the inconsistencies in Mr. Shepherd's testimony, that a factual basis exists to support a finding that Mr. Shepherd's testimony lacked credibility. To support her petition objecting to Mr. Shepherd's candidacy, Mrs. Dickerson introduced into

evidence documentation to show that, in two notarized documents, Mr. Shepherd acknowledged his intent to reside at 14 Villa Cove in Mississippi as his *principal residence* as late as 2021.[3]

The loan documentation introduced into evidence stated that Mr. Shepherd "shall occupy, establish, and use the [Mississippi] property as [his] principal residence within 60 days…and shall continue to occupy the Property as [his] principal residence for at least one year after the date of occupancy…." The loan documentation further provided that Mr. Shepherd acknowledged that he "shall be in default if…[he] gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence." (Emphasis added).

Mrs. Dickerson further presented testimony that Mr. Shepherd has multiple vehicles registered in Mississippi, pays utility bills in Mississippi, and does, at least on occasion, sleep at the 14 Villa Cove address in Mississippi. Therefore, we find Mrs. Dickerson set forth a *prima facie* case to show that Mr. Shepherd's primary residence is in Mississippi and that he does not actually reside in Jefferson Parish as required under the qualification set forth in the Jefferson Parish Home Rule Charter.

We now turn to the evidence introduced by Mr. Shepard to rebut the *prima facie* case presented by Mrs. Dickerson. Given the inconsistencies presented throughout Mr. Shepard's testimony concerning his sleeping arrangements, vehicle registrations and use, and his questionable testimony concerning the VA loan documentation executed in connection with 14 Villa Cove in Mississippi, we look

---

[3] Mrs. Dickerson also testified at trial and introduced documents into evidence to prove that she is an electorate of District 3.

first to the objective documentary evidence introduced at trial. To prove that both his domicile and actual residence are at #2 Blueberry Ct. in Jefferson Parish, Mr. Shepherd introduced into evidence documentation to show that, upon his release from federal custody, he transferred his domicile from 1113 Garden Road, Marrero, Louisiana, to #2 Blueberry Ct. in Marrero, Louisiana, through the acts of: (1) changing the address on his driver's license, which requires proof of residency through various documentation[4]; (2) changing his voter registration to vote, when legally allowed, to reflect his address as #2 Blueberry Ct.; and (3) executing a notarized act, titled "Declaration of Change of Domicile" filed in the Registrar of Conveyances Office with Jefferson Parish on August 22, 2013, transferring his domicile from 1113 Garden Road to #2 Blueberry Ct. He further introduced documentation into evidence to demonstrate that, thereafter, he remained domiciled and resided at #2 Blueberry Ct. Mr. Shepherd introduced:

(1) a 2013 Notice of Candidacy form he executed attesting to his domicile address as #2 Blueberry Ct. in Marrero; (2) a Candidate Inquiry Form reflecting he was a candidate for Jefferson Parish School Board in 2022 with his address listed at #2 Blueberry Ct.; (3) a copy of his most recent driver's license issued on May 23, 2022, with an expiration date of May 29, 2028, listing his address as #2 Blueberry Ct.[5]; (4) a copy of an expired driver's license issued on December 8, 2020, with a May 29, 2022 expiration date, listing his address as #2 Blueberry Ct.; (5) a copy of an expired driver's license issued on October 2, 2013, with an expiration date of May 29, 2016, listing his address as #2 Blueberry Ct.; (6) copies of U.S. Individual Income Tax Returns for the years 2013, 2016, 2017, 2018, 2020, 2022, reflecting his address as #2 Blueberry Ct. and further claiming his mother, Marjorie Richardson, who also resides at that address, as a dependent on his returns; (7) a

---

[4] See La. R.S. 32:409.1(A)(2).
[5] Mr. Shepherd's license also reflects that he holds a chauffer's license and that he is designated as a Veteran.

mailed letter from the Louisiana Veterans Health Care System with medical care appointment information, addressed to Mr. Shepherd at the #2 Blueberry Ct. address; (8) a mailed letter from the Kenner Police Department addressed to Mr. Shepherd at the #2 Blueberry Ct. address informing him of a "Night Out Against Crime" event; and (9) a copy of the notarized 2023 Notice of Candidacy form he executed for the upcoming election to the Jefferson Parish Council, in which he provided the #2 Blueberry Ct. address as his "Domicile Address."

Upon review of the record, and considering the Louisiana Supreme Court's instruction that "the law favors candidacy and must be liberally construed so as to promote rather than defeat candidacy," we find that Mr. Shepherd, based on the objective documentary evidence alone, sufficiently rebutted Mrs. Dickerson's *prima facie* case in this election challenge. See *Landiak*, *supra*. We find that Mr. Shepherd met his burden to rebut Mrs. Dickerson's case and has sufficiently proved that he meets the requirements to qualify as a candidate for the upcoming Jefferson Parish Council election.

## CONCLUSION

For the reasons provided herein, we reverse the trial court's August 21, 2023 judgment and dismiss Mrs. Dickerson's petition objecting to Mr. Shepherd's candidacy for the upcoming Jefferson Parish Council election.

**REVERSED**

KAREN DICKERSON                                NO. 23-CA-415

VERSUS                                         FIFTH CIRCUIT

DERRICK SHEPHERD AND JON                       COURT OF APPEAL
GEGENHEIMER, IN HIS OFFICIAL
CAPACITY AS CLERK OF COURT FOR                 STATE OF LOUISIANA
THE PARISH OF JEFFERSON, STATE
OF LOUISIANA


## WINDHORST, J., CONCURS WITH REASONS

I agree with the majority opinion to reverse the trial court's judgment disqualifying Mr. Shepherd. I respectfully concur.

The trial judge's only stated reason for disqualifying Mr. Shepherd was due to his signing two loan documents in Mississippi "declaring Villa Cove to be his principal address." The trial court further stated, "And while that's not necessarily a notarial act it's a notarial act which is equivalent to that. And at no time after that did he file any subsequent affidavits that would have established domicile or a principal residence in Louisiana and I am going to grant the petition."

The form language at issue is paragraph 6 of both documents, and reads as follows:

> 6. Occupancy. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

Mr. Shepherd disputed that the signature on the second document was his, and denied knowing or intending to change his domicile or "principal residence."

We need only read the printed language of paragraph 6 to see that Mr. Shepherd did not "declar[e] Villa Cove to be his principal address." Even assuming he signed and was cognizant of paragraph 6, by signing this he agreed only to make 14 Villa Cove his "principal residence" for a year. Paragraph 6 is not a declaration

23-CA-415                          9

of a change in domicile or of actual or principal residence. Nor is paragraph 6 "equivalent to" an affidavit of change of domicile or principal residence. At most it is an *obligation* to reside there for a term of one year after commencement of occupancy.

We also have no way of knowing whether the lender granted a waiver of the occupancy requirement, as is permitted in paragraph 6.

Because there is no evidence in the record whatsoever as to when Mr. Shepherd allegedly occupied the property as "principal resident," if at all; and because all uncertainties under Louisiana law are necessarily construed to favor candidacy, even assuming Mr. Shepherd occupied the property for a full year, that obligation ended on June 9, 2022, in excess of a full year prior to qualifying.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **AUGUST 28, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-CA-415**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DANYELLE M. TAYLOR (DISTRICT JUDGE)
BRITTANY D. ROGERS (APPELLEE)          STEPHEN M. PETIT, JR. (APPELLEE)          G. KARL BERNARD (APPELLANT)
CAREY B. DASTE (APPELLEE)

**MAILED**
NO ATTORNEYS WERE MAILED