ROBERT ARCURI

VERSUS

WALTER STEVENS, JR AND ELIANA
DEFRANCESCH, IN HER CAPACITY AS
CLERK OF COURT

NO. 23-CA-420

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 80,315, DIVISION "C"
HONORABLE J. STERLING SNOWDY, JUDGE PRESIDING

August 29, 2023

8:54 am

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, Jude G. Gravois, Robert A. Chaisson, and Stephen J.
Windhorst

**JUDGMENT REVERSED; CANDIDATE DISQUALIFIED**
  **JGG**
  **SMC**
  **FHW**
  **RAC**
  **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

_Alexis Barteet_
Alexis Barteet
Assistant Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
ROBERT ARCURI
 Ike Spears
 Devin C. Jones

COUNSEL FOR DEFENDANT/APPELLEE,
WALTER STEVENS JR.
 Robert T. Garrity, Jr.
 Pierre W. Mouledoux

**GRAVOIS, J.**

In this candidate challenge case, plaintiff Robert Arcuri appeals the trial court's judgment which dismissed with prejudice his petition objecting to the candidacy of defendant, Walter Stevens, Jr., for the office of St. John the Baptist Parish Council, District 5, in the October 14, 2023 primary election. For the reasons that follow, we reverse the trial court's judgment, finding that plaintiff made a *prima facie* case that defendant failed to file his state income tax return for the year 2021, and that defendant failed to rebut plaintiff's case with competent evidence that he was not required to file a state tax return for that year. We hold that Mr. Stevens is disqualified as a candidate for the office of St. John the Baptist Parish Council, District 5, in the October 14, 2023 primary election.

## BACKGROUND AND PROCEDURAL HISTORY

On August 10, 2023, Mr. Stevens filed a Notice of Candidacy seeking to qualify for the office of St. John the Baptist Parish Council, District 5, in the October 14, 2023 primary election. On or about August 15, 2023, Mr. Arcuri propounded a public records request to the Louisiana Department of Revenue ("LDR"), seeking to obtain Mr. Stevens' state income tax filing records for the years 2018, 2019, 2020, 2021, and 2022. LDR responded on August 15, 2023, reporting that it had no record of Mr. Stevens having filed a state income tax return for the years 2021 or 2022.

On August 17, 2023, Mr. Arcuri filed a timely Objection to Candidacy and Petition to Disqualify Candidate, alleging that Mr. Stevens had falsely certified on his Notice of Candidacy that he had either filed his state and federal income tax returns for the past five years or was not required to file either a state or federal

income tax return, or both. *See* La. R.S. 18:492(A). Mr. Stevens was served with the petition, and the matter was set for trial on August 21, 2023.[1]

At trial, plaintiff presented the testimony of a representative of LDR, as well as his own testimony and the testimony of Mr. Stevens. Mr. Stevens also presented his own testimony. After considering the testimony as well as documentary evidence duly admitted, the trial court ruled from the bench that Mr. Stevens had successfully rebutted the *prima facie* case presented by plaintiff that Mr. Stevens should be disqualified from candidacy. Accordingly, the trial court dismissed with prejudice the petition objecting to Mr. Stevens' candidacy for District 5 of the St. John the Baptist Parish Council. A written judgment to this effect was signed on August 22, 2023. This timely appeal followed.

## LAW AND ANALYSIS

The party objecting to the candidacy bears the burden of proof by a preponderance of the evidence that the candidate is not qualified. *Trosclair v. Joseph*, 14-675 (La. App. 5 Cir. 9/9/14), 150 So.3d 315, 317; *Russell* v. *Goldsby,* 00-2595 (La. 9/22/00), 780 So.2d 1048, 1051. Once the party bearing the burden of proof has established a *prima facie* case, the burden then shifts to the opposing party to present sufficient evidence to overcome the other party's *prima facie* case. *Lumar v. Lawson*, 20-251 (La. App. 5 Cir. 8/10/20), 301 So.3d 1243, 1249, *writ denied*, 20-994 (La. 8/13/20), 300 So.3d 868; *Landiak v. Richmond*, 05-0758 (La. 3/24/05), 899 So.2d 535, 542. Any doubt as to the qualifications of a candidate to run for public office should be resolved in favor of permitting the candidate to run for public office. *Id.* at 541.

---

[1] Eliana Defrancesch in her capacity as Clerk of Court for the Parish of St. John the Baptist, duly charged with qualifying candidates for local elections, was also made a defendant as a necessary party.

A trial court's findings of fact are reviewed under the manifest error or clearly wrong standard. *Smith v. Charbonnet*, 17-0634 (La. App. 4 Cir. 8/2/17), 224 So.3d 1055, *writ denied*, 17-1364 (La. 8/7/17), 222 So.3d 722, citing *Nixon v. Hughes*, 15-1036 (La. App. 4 Cir. 9/29/15), 176 So.3d 1135, 1137.

Under La. R.S. 18:463(A)(2)(a)(iv), in order to qualify, Mr. Stevens was required to sign an affidavit verifying the following:

> (iv) … that for each of the previous five tax years, he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both, or was not required to file either a federal or state income tax return or both.[2]

La. R.S. 18:492(A)(7) provides that an action objecting to the candidacy of a person who qualified as a candidate in the primary election may be based on:

> (7) The defendant falsely certified on his notice of candidacy that for each of the previous five tax years he has filed his federal and state income tax returns, has filed for an extension of time for filing either of his federal or state income tax returns or both as provided in R.S. 18:463(A)(2), or was not required to file either a federal or state income tax return or both.

On appeal, plaintiff argues that the trial court erred in finding that Mr. Stevens successfully rebutted the *prima facie* case established by plaintiff's evidence that defendant had falsely certified, on his notice of candidacy form, that he was not required to file a state income tax return for 2021. He argues that: (i) Mr. Stevens admitted that he did not file any federal or state tax return for the calendar years 2021 and 2022; (ii) Mr. Stevens admitted that he received income in excess of $55,000 for each of these years, with the income coming from multiple sources, some of which are taxable under federal law or state law, and some of which are not taxable; (iii) Mr. Stevens' testimony concerning his Louisiana National Guard retirement income (which plaintiff argues is taxable under both federal and state law) is internally contradictory; and (iv) Mr. Stevens' social

---

[2] Mr. Stevens asserts correctly in brief that La. R.S. 47:103(D)(2) provides for an automatic extension for filing 2022 state income tax returns through November 15, 2023, and thus the filing of a 2022 state tax return by Mr. Stevens is not an issue in this appeal.

security benefits income is taxable under federal law, and, on the face of the current record, appears to be in an amount sufficient to require him to pay federal taxes.

At trial, the parties stipulated to Mr. Stevens' Notice of Candidacy. Plaintiff called as a witness a representative of LDR, Stacy Greaud, who testified regarding the LDR's fulfillment of plaintiff's public records request. She testified that LDR found no record of Mr. Stevens having filed state income tax returns for the years 2021 and 2022. LDR's written response to the public records request was admitted into evidence.

On cross-examination, Mr. Stevens showed Ms. Greaud several documents he said he had received from LDR after his candidacy was challenged. He identified these documents as containing all of the information found on his 2021 and 2022 W-2 forms. Ms. Greaud stated that she did not have any information relative to whether LDR received any W-2s for Mr. Stevens for 2021 and 2022, and could not identify Mr. Stevens' documents because it was not an area that she dealt with in her job. He asked her, hypothetically, to opine as to whether he would owe state income taxes on the amounts listed on these documents as income. She replied that she did not have the exact filing thresholds for those years, but stated that those thresholds generally "piggy-back" the federal standard deduction, and that the amounts reported as income on his W-2 exhibits appeared below the federal standard deduction.

On redirect, Ms. Greaud acknowledged that not all income is reported to LDR on W-2s. She testified that income from lottery winnings, and some retirement or self-employed income, are not reported to LDR on W-2s, as well as income from many other sources.

After review of the record on appeal, we agree with the trial court's finding that plaintiff made a *prima facie* case to disqualify Mr. Stevens. The testimony

established that LDR had no record of income tax returns for Mr. Stevens for 2021 and 2022. Mr. Stevens also admitted that he did not file these returns. The burden of proof then shifted to Mr. Stevens to establish that he was not required to file returns for these years because he did not have taxable income or sufficient taxable income.

Plaintiff called Mr. Stevens as a witness. He confirmed that he had not filed state or federal income tax returns for the years 2021 or 2022. He explained that he was retired, and a 100% disabled veteran of the United States Army, and that he receives income "from the government." He explained that he received a combined total of approximately $55,000.00 per year from the Veterans Administration ("the VA") and the Army. He explained that he had been told that military retirement income was not taxable, and that this information was also found in an IRS publication, IRS-104, that said military disability payments are not taxable.[3] He explained that he would not receive full retirement benefits until he reached the age of 60, but that he did receive combat related special compensation pay, which was 70% of what he would eventually receive as full retirement benefits at age 60. This amount totaled around $25,000.00 per year. The balance of the $55,000.00 came from the VA. He acknowledged that he received two checks, one for his disability and one for his service, which came from different entities. He also testified that he received social security disability.

Mr. Stevens produced a printout from 2004, entitled "Combat-Related Special Compensation (CRSC), Section 1413a, Title 10, United States Code, As Amended Revised Program Guidance January 2004," that stated that the Armed Forces Tax Council had determined that all CRSC payments are exempt from

_____

[3] Mr. Stevens' copy of IRS-104 was introduced into evidence.

*federal* income tax. It further stated that "[m]ilitary disability payments are nontaxable income pursuant to I.R.C. § 104."

Counsel for plaintiff then questioned Mr. Stevens about his candidate financial disclosure form, which was admitted into evidence. On that form, Mr. Stevens listed his income sources as VA pension, military retirement, and social security. He agreed that retirement income was taxable, but testified that he received retirement/disability. He testified that he would not have received the disability income had he not been retired, and he only received 70% of what he was eligible for because he was not yet 60. Mr. Stevens denied that any of his income could be classified as "retirement" as per the IRS code.

Mr. Stevens also testified that he received a small amount of income from the Bayou Ford auto dealership for delivering cars, which income was reported on the W-2 exhibits from LDR previously admitted into evidence. He did not recall whether Bayou Ford sent him a W-2 in the mail, but stated that they probably did; he did not bring those documents to court.

At one point, Mr. Stevens appeared to claim that he received some retirement income from the Louisiana National Guard, but later in his testimony, he stated that he would not receive any retirement income from the Louisiana National Guard until he turned 60.

Mr. Stevens testified that his daughter, a CPA, prepared his tax returns for him for all of the years in the LDR disclosure. He testified that he had discussed with her whether he was required to file tax returns in 2021 and 2022, and she told him that he did not have to file. He stated that he did not ask her to come to court with him to testify, because he believed that an LDR representative would be present and able to testify about his taxable income because "they know what I have on file over there." He also claimed to have called the IRS for confirmation of his filing requirements.

After thorough review of the appellate record, we find that Mr. Stevens failed to rebut plaintiff's case that he was not qualified to be a candidate for this office. Mr. Stevens' documentary evidence did not establish that he had insufficient taxable income for 2021 and thus did not need to file a 2021 state income tax return. Mr. Stevens admitted that he had approximately $55,000.00 in income in 2021 and 2022. While he claimed that his W-2 documents from LDR, which purportedly set forth his 2021 and 2022 income from Bayou Ford, showed insufficient taxable income to file state tax returns, these documents were clearly hearsay evidence, as the LDR witness was unable to identify them. Further, Mr. Stevens' testimony was self-serving and was without evidentiary support. His documentary evidence fell short of showing by a preponderance of the evidence the amounts and precise legal income tax treatment of his three alleged 2021 sources of income from the VA, the Army, and Social Security. While it appears that Mr. Stevens' alleged disability income was possibly not subject to *federal* income taxes, the same clarity was not provided relative to *state* income tax treatment regarding his alleged income from disability, retirement, and Social Security. In sum, Mr. Stevens' testimony and documentary exhibits were vague, conclusory, and self-serving, and lacked clarity regarding his various 2021 sources of income and their taxable status. Mr. Stevens could have called his tax preparer, his daughter, to testify on his behalf, but he chose not do so, instead relying on LDR's representative to support his case, but her testimony was clear that she did not work with W-2s or income tax. Thus, her testimony was not sufficient to establish that Mr. Stevens' income for 2021 was below the taxable level.

On appeal, plaintiff argues that a candidate cannot carry his burden of overcoming a plaintiff's *prima facie* case by simply offering testimony uncorroborated by documentary evidence. Louisiana Circuit Courts of Appeal have held that testimony, "without documentary evidence, [is] insufficient to rebut

the plaintiff's *prima facie* showing that the challenged candidate was not qualified." *Labat v. Price-Bedi*, 19-404 (La. App. 5 Cir. 8/23/19), 279 So.3d 482, 485, *writ not considered*, 19-01382 (La. 8/28/19), 277 So.3d 1185, quoting *Irvin v. Brown*, 17-614 (La. App. 4 Cir. 7/28/17), ―― So.3d ――, 2017 WL 3205858. Mr. Stevens' proof in this case in attempting to overcome plaintiff's *prima facie* case was simply his own self-serving and conclusory testimony that a large majority of his 2021 income was not subject to state income taxes, and thus he was not required to file a 2021 state income tax return. But Mr. Stevens' testimony in this regard was not supported by sufficient, specific competent documentary evidence or expert testimony to this effect. As such, we find that a candidate cannot overcome a plaintiff's *prima facie* case by simply testifying that he believed that income he received during the subject tax year was not subject to state income taxes—thus not necessitating that he file a state income tax return for the subject tax year—without specific competent documentary or expert witness support therefor.

Accordingly, under the circumstances presented in this case, we find that the trial court was manifestly erroneous and clearly wrong in finding that Mr. Stevens bore his burden of proving that he was not required to file a state income tax return for the year 2021. Accordingly, Mr. Stevens is not qualified to be a candidate for the office of St. John the Baptist Parish Council, District 5, in the October 14, 2023 primary election.[4]

### CONCLUSION AND DECREE

For the foregoing reasons, the trial court's judgment, which dismissed with prejudice Mr. Arcuri's election challenge to Mr. Stevens' candidacy, is hereby

---

[4] Counsel for Mr. Stevens seeks attorney's fees and costs under La. C.C.P. art. 863, asserting that Mr. Arcuri's appeal was frivolous. Appeals are favored and appellate courts are reluctant to impose damages for frivolous appeals. *Thomas v. Robinson*, 15-82 (La. App. 5 Cir. 9/23/15), 176 So.3d 698, 703. Additionally, having found merit to Mr. Arcuri's appeal, we deny Mr. Stevens' request for attorney's fees and costs for a frivolous appeal.

reversed. Mr. Stevens is disqualified as a candidate for the office of St. John the Baptist Parish Council, District 5, in the October 14, 2023 primary election.

**JUDGMENT REVERSED;**
**CANDIDATE DISQUALIFIED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**AUGUST 29, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-CA-420**

### E-NOTIFIED

40TH DISTRICT COURT (CLERK)
HONORABLE J. STERLING SNOWDY (DISTRICT JUDGE)
IKE SPEARS (APPELLANT)          ROBERT T. GARRITY, JR. (APPELLEE)

### MAILED

WALTER STEVENS (APPELLEE)
56 RIDGEWOOD DRIVE
LAPLACE, LA 70068

LEANDRE M. MILLET (APPELLEE)
ASSISTANT DISTRICT ATTORNEY
FORTIETH JUDICIAL DISTRIST
PARISH OF ST. JOHN THE BAPTIST
POST OFFICE BOX 399
1342 HIGHWAY 44 RIVER ROAD
RESERVE, LA 70084

PIERRE W. MOULEDOUX (APPELLEE)
ATTORNEY AT LAW
615 HICKORY AVENUE
HARAHAN, LA 70123

DEVIN C. JONES (APPELLANT)
ATTORNEY AT LAW
650 POYDRAS STREET
SUITE 2760
NEW ORLEANS, LA 70112